

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Daniel Ryan McGough,
*Plaintiff,*

v.

WASHTENAW COUNTY, *a Michigan municipal corporation, et al.*
*Defendants*

Case: 2:25-cv-11226
Assigned To : Michelson, Laurie J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 4/29/2025
Description: CMP DANIEL RYAN MCCOUGH V
WASHTENAW COUNTY (SS)

---

# COMPLAINT FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND OTHER EQUITABLE RELIEF

UNDER 42 U.S.C. §§ 1983, 1985, 2201, 2202, and the ALL WRITS ACT
FOR SYSTEMATIC VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
MALICIOUS PROSECUTION, UNLAWFUL DEPRIVATION OF LIBERTY,
AND INTERFERENCE WITH FAMILIAL RELATIONS

### JURY TRIAL DEMANDED

---

## I. Introduction

1. **Overview of the Case**

   This case revolves around a systematic pattern of abuse of power and rights violations perpetrated by law enforcement and judicial officials in Washtenaw County, Michigan. The plaintiff, Daniel Ryan McGough, brings this action under 42 U.S.C. § 1983 to seek redress for ongoing constitutional violations stemming from two distinct but deeply intertwined legal matters: a felony criminal case (25-75-FH) and a family court custody dispute (19-2734-DC). This cross-contamination of proceedings resulted in a cascading series of constitutional violations, including unlawful arrest, malicious prosecution, and deprivation of parental rights without due process. Rather than operating as separate and impartial forums, the criminal and family court systems functioned in concert to deprive Plaintiff of his liberty, reputation, and parental relationship, all while cloaked in the appearance of legitimate judicial processes.

   Plaintiff brings this action to expose and remedy these intertwined abuses, which have left him effectively

POOR QUALITY ORIGINAL

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

barred from defending himself in either case. Plaintiff seeks equitable relief under 42 U.S.C. § 1983 and this Court's inherent equitable powers, including declaratory relief to recognize and clarify his constitutional rights, and injunctive relief to restore and protect his rights moving forward. Plaintiff seeks equitable remedies to prevent further violations, including restoration of his parental rights, protection of the child's welfare, and the cessation of retaliatory or unlawful actions by the defendants. The use of criminal allegations as a strategic tool to control family court outcomes—without regard for due process **or truth**—demonstrates a broader institutional failure that implicates multiple defendants, involving judicial officers, prosecutors, law enforcement, and private actors who misused state powers for personal gain.

2. **The Felony Case** – *Washtenaw County Circuit Court – Case No. 25-75-FH*
   On October 11, 2024, Plaintiff was unlawfully arrested by officers of the Ypsilanti Police Department without a warrant, probable cause, or reasonable suspicion. This arrest was part of a broader pattern of police misconduct involving fabricated charges post hoc—including an alleged assault on a police officer—and the suppression of exculpatory evidence, following which lead to a retaliatory move by the presiding judge, acting *sua sponte,* compounding two additional felony assault charges to the case on February 11, 2025. These actions, driven by improper motivations, have resulted in ongoing legal jeopardy for Plaintiff, including an *active* arrest warrant as of April 10, 2025.

3. **The Family Case** – *Washtenaw County Trial Court – Case No. 19-2734-DC*
   Concurrently, Plaintiff's family court case has been deeply affected by the same unconstitutional actions. Patrick Joseph Conlin's decision to suspend Plaintiff's parental rights was directly influenced by the flawed felony charges he oversaw as Chief judge of Washtenaw County. Plaintiff was not afforded the opportunity to challenge or address the fabricated evidence in the family court proceedings before Conlin conspired with other defendants to deprive Plaintiff of access to his child. The McCloskey family—private individuals with a vested interest in the custody dispute—knowingly submitted false emergency reports to law enforcement and the judiciary in a deliberate effort to trigger state action and undermine Plaintiff's parental rights without due process. These actions, coupled with the misconduct by both law enforcement and the judiciary, have resulted in the unlawful interference with Plaintiff's relationship with his child, causing ongoing harm to his familial and parental rights.

### Acknowledgment of Litigant's Efforts and Good Faith

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

4. The Plaintiff, Daniel Ryan McGough, respectfully submits this complaint with full acknowledgment of his position as a pro se litigant. While Plaintiff is not a trained attorney, he is dually sworn to the truth of all statements presented herein and affirms that the facts contained within this document are accurate to the best of his knowledge and belief. Plaintiff further acknowledges the inherent limitations of his abilities in the formal legal processes and procedures, but has made every effort to approach this case with diligence, honesty, and in good faith.

5. The Plaintiff is fully aware of the complexities and procedural nuances of the law, and while he may not always be able to express his arguments with the precision of an experienced attorney, he believes that the gravity of the constitutional violations at issue and the urgent need for redress justify this action. His intent is solely to seek a fair remedy for the ongoing, unlawful actions that have infringed upon his constitutional rights, including his fundamental right to be a parent to his child, and his right to due process of law.

6. It is in this spirit that Plaintiff submits this complaint, not as an attempt to evade any responsibility or shortcomings on his part, but rather as a good-faith effort to expose the systemic abuses and violations that have occurred. Plaintiff respectfully requests this Court's understanding of his position and seeks the Court's assistance in restoring his rights and rectifying the injustices described herein.

## II. Jurisdiction and Venue

7. Subject Matter Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the laws of the united States, including claims brought under 42 U.S.C. § 1983 for violations of Plaintiff's federally protected constitutional rights, including the First, Fourth, and Fourteenth Amendments.

8. This Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

9. Jurisdiction for declaratory and injunctive relief is proper under 28 U.S.C. §§ 2201 and 2202, as well as for a writ of habeas corpus or other extraordinary relief under the All Writs Act, 28 U.S.C. § 1651.

10. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred within this district, and all Defendants reside or are employed within this jurisdiction.

11. Plaintiff seeks emergency preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 and the All Writs Act, as he is currently subject to ongoing and irreparable harm, including continued loss of liberty, obstruction of parental rights, and interference with employment opportunities. These harms are a

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

direct result of actions taken by the Defendants in bad faith, which violate Plaintiff's clearly established constitutional rights.

- Federal intervention is both necessary and appropriate in this case under the well-established exceptions to the Younger abstention doctrine, as articulated in *Younger v. Harris*, 401 U.S. 37 (1971), and *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

12. Specifically, abstention is unwarranted where:

- Plaintiff faces immediate and irreparable harm, including loss of liberty, parental rights, and livelihood, which no state court remedy can adequately or timely address;
- No adequate or impartial forum exists within the state judicial system to vindicate Plaintiff's federal rights, as demonstrated by repeated procedural roadblocks and retaliatory conduct by state actors.
- State proceedings are being conducted in bad faith or for the purpose of harassment, particularly where officials use the machinery of the state court to shield themselves from accountability;

Here, each of these exceptions applies. Plaintiff has made good-faith attempts to seek redress in the Michigan state courts, including filing a writ of superintending control and a writ of mandamus — both appropriate avenues for correcting constitutional violations. Yet not only did these filings fail to produce any meaningful remedy, they triggered escalated retaliation by state officials with the intent on silencing or punishing Plaintiff for asserting his rights. The state judicial system has not only proven ineffective; it has become a vehicle for ongoing constitutional injury. In such circumstances, Younger abstention does not apply, and this Court has both the authority and the obligation to intervene to prevent further harm.

13. Plaintiff's claims against the private defendants are properly brought under 42 U.S.C. § 1985, as these individuals acted in concert with state actors to deprive Plaintiff of his constitutional rights. Specifically:

- **Conspiracy with State Actors**: Private individuals actively collaborated with government officials to initiate or sustain constitutional violations.
- **Intentional Misuse of Legal Process**: False reports and fabricated claims were knowingly used to trigger state action, aiming to cause harm.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

- **Class-Based or Retaliatory Animus**: Actions were motivated by discriminatory or retaliatory intent, targeting the plaintiff for exercising protected rights (e.g., parental, procedural, or First Amendment rights).

- **Resulting Constitutional Harm**: The conspiracy directly caused deprivations of federally protected rights, including due process, liberty, and familial association.

- **Legal Precedent Supports Liability**: Supreme Court and circuit case law (e.g., *Griffin v. Breckenridge*, *Dennis v. Sparks*) clearly allows § 1985 liability where private actors join with state officials to effectuate unlawful goals.

As such, Plaintiff's claims against named private individuals are valid under § 1985 and should proceed.

## III. Parties

14. Plaintiff **Daniel Ryan McGough** is a natural person domiciled in Washtenaw County, Michigan. He brings this action as an individual whose constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments have been repeatedly violated. Plaintiff is currently subject to a pending arrest warrant and continuing harm due to meritless criminal proceedings and associated collateral consequences, including deprivation of parental rights and interference with employment and housing.

15. Defendant **Washtenaw County** is a municipal corporation organized under the laws of the State of Michigan, responsible for operating the county jail, employing prosecutorial and judicial personnel, and overseeing the local criminal justice system. The County is a proper defendant as its policies, customs, and failures are directly responsible for the deprivation of Plaintiff's constitutional rights.

16. Defendant **Gregory Dill** is the Washtenaw County Administrator, named in his official capacity. He is responsible for oversight and management of county departments, including those implicated in the unconstitutional arrest, detention, and prosecution of Plaintiff.

17. Defendant **City of Ypsilanti** is a municipal corporation organized under Michigan law. The City operates the Ypsilanti Police Department and is liable for its customs, policies, training, and supervision failures that resulted in Plaintiff's unlawful seizure and constitutional deprivations.

18. Defendant **Chief Kirk Winter** is the Chief of Police of the Ypsilanti Police Department and is sued in his official capacity. He is responsible for establishing departmental policy and supervising subordinate officers, including Defendant Officer Tyson, whose unlawful conduct occurred under his watch.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

19. Defendant **Officer Darnell Tyson** is a law enforcement officer employed by the Ypsilanti Police Department, sued in both his individual and official capacities. Officer Tyson played a direct and personal role in effectuating Plaintiff's unconstitutional arrest, initiating a malicious prosecution, and fabricating or distorting material facts concerning the alleged incident.

20. Defendant **Eli Noam Savit** is the elected Prosecuting Attorney for Washtenaw County, sued in his official capacity. He is responsible for directing and supervising criminal prosecutions within the county and has authorized or failed to prevent ongoing bad-faith prosecution of Plaintiff despite exculpatory evidence.

21. Defendant **Ashley A. Londy** is an Assistant Prosecuting Attorney for Washtenaw County, sued in both her individual and official capacities. She is responsible for continuing Plaintiff's prosecution in bad faith, suppressing material evidence favorable to the defense, and leveraging criminal charges to interfere with Plaintiff's parental rights.

22. Defendant **Judge John Cedric Simpson** is a judicial officer in Washtenaw County, sued in his individual and official capacities. Judge Simpson presided over critical hearings in Plaintiff's criminal matter and failed to disclose material contradictions in the record, including witness retractions and body camera admissions. His rulings perpetuated the malicious prosecution of Plaintiff and directly contributed to the continuation of unconstitutional proceedings and interference with familial rights.

23. Defendant **Lisa Fusnik** is the Administrator of the 14A-1 District Court in Washtenaw County and is sued in her official capacity. Fusnik is responsible for administrative oversight and docket management at the district court level. Her omissions in court administration contributed to the unlawful delays, barriers to access, and continued violations of Plaintiff's rights to liberty and due process.

24. Defendant **Steven Matthews** is the Administrator of the 22nd Circuit Court in Washtenaw County and is sued in his official capacity. Matthews is responsible for administrative oversight and docket management at the district court level. His omissions in court administration contributed to the unlawful delays, barriers to access, and continued violations of Plaintiff's rights to liberty and due process.

25. Defendant **Takisha Mastin** is the Supervisory Clerk of the 22nd Circuit Court in Washtenaw County and is sued in both her individual and official capacities. In her administrative role, Mastin exercised direct authority over the docketing, filing, and procedural processing of court records in both Plaintiff's family law and criminal proceedings. Despite her obligation to maintain neutral and lawful administration of court access, Mastin knowingly obstructed Plaintiff's ability to file critical pleadings, delayed or refused the processing of time-sensitive motions, and thereby contributed materially to the denial of Plaintiff's due

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

process rights. Her actions, under color of state law, enabled and perpetuated judicial misconduct and procedural abuse, compounding the harm to Plaintiff's liberty, parental rights, and access to redress.

26. Defendant **Judge Arianne Elizabeth Slay**, a judicial officer of the Washtenaw County Trial Court, is sued in both her individual and official capacities. Judge Slay presides over both Plaintiff's criminal and family court proceedings, using her authority in both arenas to exacerbate and reinforce constitutional violations in the other. She simultaneously authorized the unlawful suspension of Plaintiff's parental rights and the issuance of a bench warrant for his arrest, effectively participating in a coordinated effort to deprive him of both liberty and familial association under color of law. Her actions expedited prosecutorial objectives while obstructing Plaintiff's access to parental rights, highlighting a systemic abuse of judicial power that produced retaliatory outcomes and denied Plaintiff a fair and impartial forum in both cases.

27. Defendant **Judge Patrick Joseph Conlin Jr.** is the Chief Judge of the Washtenaw County Trial Court, sued in both his individual and official capacities. In his leadership role, Judge Conlin wielded considerable influence over judicial proceedings and court administration, which he used to reinforce unconstitutional practices. He issued an ex parte order against Plaintiff based on flawed premises and without evidentiary foundation or review, circumventing due process and effectively weaponizing the judiciary to impose punitive and retaliatory restrictions. His conduct not only caused immediate and lasting injury to Plaintiff's constitutional rights and liberties, but also set a damaging precedent that chilled access to justice and emboldened further misconduct by court officers under his authority.

28. Defendant **Alyssa Rachelle McCloskey**, upon information and belief, resides in Washtenaw County, Michigan. As a private individual acting in concert with state officials, she played a central and initiating role in a targeted campaign to deprive Plaintiff of his fundamental constitutional rights. McCloskey knowingly and willfully filed false emergency reports and submitted fabricated allegations—including unfounded claims of abuse and neglect—to law enforcement, Child Protective Services, and the family court, all with the calculated intent to provoke state intervention. Her actions were not only malicious and retaliatory, but part of a broader conspiracy designed to manipulate public power for private ends, constituting clear violations of Plaintiff's rights to due process, familial association, and reputation under the color of law.

29. Defendant **Scott Anthony McCloskey**, upon information and belief, also resides in Washtenaw County, Michigan. Acting in collaboration with Defendant Alyssa McCloskey and state actors, he knowingly participated in the orchestration and perpetuation of a malicious campaign aimed at severing Plaintiff's

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

custodial and parental rights through deceit and judicial exploitation. By affirming, amplifying, and facilitating false narratives submitted to legal authorities, Scott McCloskey weaponized the judicial and law enforcement systems for personal and punitive purposes. His actions were not only deeply injurious to Plaintiff's rights and reputation but also constituted knowing participation in a scheme to pervert the justice system in violation of clearly established constitutional norms.

30. Defendants **John and Jane Does 1–10** are unknown individuals who, at all relevant times, acted under color of state law in furtherance of the unlawful arrest, detention, prosecution, and obstruction of Plaintiff's constitutional rights. These Respondents include yet-unidentified officers, court staff, jail personnel, and administrative actors whose actions materially contributed to the harms suffered by Plaintiff. Plaintiff reserves the right to amend this Complaint to include their true names and capacities once they are ascertained through discovery.

## A. Unlawful Arrest and Fabricated Charges

31. On October 11, 2024, Plaintiff was unlawfully detained, searched, and arrested by Officers Tyson, Gibbs, and Smith of the Ypsilanti Police Department without any warrant, reasonable suspicion, probable cause, or exigent circumstances.

32. Prior to this seizure, Plaintiff was not suspected of any criminal activity, and the officers failed to articulate any lawful basis for initiating a stop, search, and arrest.

33. The first mention of any charge occurred long **after** Plaintiff was already detained and placed in the back of a patrol vehicle. Body-worn camera footage captures Sergeant Gibbs stating to other officers:

> *"So what we're going to do, we charge him, one, interfering.*
> *Several times talked to him, he's out, whatever, refused to move, interfering."*

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

34. The vague and imprecise language reveals that no specific or articulable suspicion existed at the time of arrest, in direct violation of *Ybarra v. Illinois, 444 U.S. 85 (1979),* which prohibits arbitrary searches and seizures not based on individualized suspicion.

35. Only after this exchange did Officer Tyson interject with a new and uncertain allegation:

> *"Man, he kicked me – he tried to kick me in the nuts, bruh."*

36. This statement is inherently contradictory — shifting in a split moment from the definite *"he kicked me"* to the speculative *"he **tried** to kick me."*

37. The inconsistency reveals that Officer Tyson's vague and inconsistent allegation — introduced *only after* Plaintiff had already been detained — lacks the clarity and credibility required to support a criminal charge, especially one as serious as felony assault on an police officer.

38. Sergeant Gibbs then responded:

> *"Oh, I didn't know he kicked.*
> *So that's R&O right there.*
> *So we can take him straight to jail at this point. Yep."*

39. This sequence is significant. The charge of Resisting and Obstructing (R&O) was not based on contemporaneous conduct, but was instead concocted **after** Plaintiff was restrained — based solely on an offhand, uncertain, and casually delivered remark.

40. Plaintiff was not suspected of any crime at the time of his detention, and the charge of R&O was only levied after he was already detained and without any lawful basis for arrest.

41. This conduct violates both federal and Michigan law, as the officers escalated force without any suspicion of a crime or lawful reason to be involved. Under federal law, the use of force requires that officers be lawfully performing their duties. See *Graham v. Connor*, 490 U.S. 386 (1989). Similarly, Michigan law

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

requires that officers be lawfully engaged in their duties to support charges of resisting or obstructing. See *People v. Moreno*, 491 Mich. 38 (2012).

42. The common law right to reasonably resist an unlawful arrest is well-established, as affirmed in *Bad Elk v. United States*, 177 U.S. 529 (1900), and recognized in *U.S. v. Span*, 970 F.2d 573, 577 (9th Cir. 1992).

43. Body camera footage further undermines the prosecution's narrative. Minutes later, while speaking to another Officer and E.M.S., Officer Tyson tells an unprompted joke:

> *"I got kicked, too. I'm hurting. **No, I'm just joking. Ha-ha!**
> You've got to deal with me for the rest of the night."*

44. When E.M.S. followed up with a question about the night's events, Tyson remarked:

> *"It's been an entertaining night, nonetheless."*

45. These comments reflect a dismissive and flippant attitude inconsistent with a legitimate assault allegation and reveal the charge to be retaliatory or pretextual.

46. Quicker than they just arrested Plaintiff and immediately after realizing his body camera was still recording, Officer Tyson abruptly turned it off.

47. The timing of this deactivation, immediately following self-contradictory remarks, supports an inference of consciousness of guilt.

48. These statements and omissions are materially exculpatory under *Brady v. Maryland*, 373 U.S. 83 (1963), but they were neither disclosed in a timely nor transparent manner.

49. Furthermore, the prosecution, as well as the Washtenaw County District and Circuit Courts, have refused to acknowledge their exculpatory nature.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

50. No physical evidence supported the assault claim. There were no reported injuries, photos, medical records. Despite the presence of multiple officers and EMS personnel. The only recorded evidence — Officer Tyson's own words — contradicts the assault allegation.

51. At the February 11, 2025 evidentiary hearing, Officer Tyson could not identify any moment in the body camera footage when the alleged kick occurred, even after continuous review. This further confirms that the charge was fabricated.

52. The official incident reports submitted by the arresting officers stated, verbatim, that:

> *"Daniel assaulted Ofc. Tyson by kicking him in the groin with his **right foot** after multiple warnings from Ofc. Tyson and officers on the scene."*

53. This statement was repeated in identical language, structure, and punctuation across both reports — strongly suggesting they were written in coordination.

54. This type of synchronized reporting, particularly when used to justify an arrest, is recognized by federal courts as unconstitutional fabrication. See *Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123 (2d Cir. 1997).*

55. The definitive nature of the language used in these reports — "assaulted... by kicking" — directly contradicts the uncertainty and casual delivery of the initial accusation on body-worn camera, where Officer Tyson said, *"he tried to kick me in the nuts, bruh,"* only to later joke, *"I'm just joking."* The contrast between these conflicting accounts — one spontaneous and uncertain, the other formal and identical across multiple officers — supports Plaintiff's assertion that the reports were retroactively falsified to justify an otherwise unlawful arrest.

All Rights Reserved Without Prejudice

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

## B. February 11, 2025 – Evidentiary Hearing

Compounding Charges, Suppression of Evidence & Retaliation

56. On October 11, 2024, the Washtenaw County Prosecutor's Office issued a felony complaint charging Plaintiff with one count under MCL 750.81(d) – Assaulting, Resisting, or Obstructing a Police Officer.

57. Assigned Case No.: 24F21389 under Defendant Simpson in Washtenaw County's 14A-1 District Court.

58. At the February 11, 2025 evidentiary hearing, Officer Smith and SGT Gibbs, while under oath, confirmed that they did not personally witness Plaintiff kick or assault Defendant Tyson in any way.

59. These sworn testimonies also directly contradict the detailed narrative contained in their initial reports, which identically claimed Plaintiff kicked Defendant Tyson with his right foot in the groin.

60. Their courtroom admissions exposed the original foundational charge as uncorroborated and meritless.

61. Defendant A.P.A. Londy, upon review of evidence that the allegations were made in jest, openly objected to the introduction of the body cam which she herself submitted for use to prosecute Plaintiff.

62. When Plaintiff attempted to replay the recording during cross-examination while Defendant Tyson was under oath, Defendant Simpson abruptly ordered his clerk to terminate the video presentation, effectively obstructing Plaintiff's ability to confront the witness with key exculpatory evidence in real time.

63. Courts have consistently held that the suppression or obstruction of exculpatory evidence, whether by omission or direct interference, undermines the fairness of judicial proceedings and violates the defendant's rights. See *United States v. Agurs*, 427 U.S. 97 (1976); *Kyles v. Whitley*, 514 U.S. 419 (1995).

64. After this suppression, and without any prosecutorial motion, new evidence, or supporting affidavit, Defendant Simpson added two MCL 750.81(d) felony charges *sua sponte* at the closing of the hearing.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

65. Defendant Simpson's expansion of charges, absent executive branch action, violates the doctrine of separation of powers and Plaintiff's procedural and substantive due process rights under the Fifth and Fourteenth Amendments. See *Wayte v. United States*, 470 U.S. 598 (1985).

66. Judges do not possess charging authority, and doing so exceeds their jurisdiction.

67. Defendant Simpson bound the case over to the 22nd Circuit Court under Defendant Slay with no factual findings or legal basis to proceed.

68. After the February 11, 2025 evidentiary hearing, Plaintiff now faces **three** felony MCL 750.81(d) charges without any first-hand eyewitness corroboration, physical evidence, or lawful charging process.

69. The continued pendency of these meritless and compounding charges underscores the retaliatory and unconstitutional nature of the prosecution. More than six months into this malicious and unreasonable prosecution, the case has been marred by repeated adjournments, coordinated suppression of favorable evidence, and judicial actions taken without jurisdiction. This pattern reflects a sustained abuse of discretion, prosecutorial misconduct, and a breakdown of core constitutional protections at every level.

## C. Lawful Presentments, Exhaustion of Remedies, and Institutional Failure to Respond

70. Plaintiff undertook formal and lawful action to challenge the basis of the charges levied against him from the very onset of the case, filing suppression motions based on clear constitutional violations by the officers involved. In doing so, Plaintiff anticipated the direct harm these violations would cause to his personal, familial, and professional life, which would only escalate as the case progressed.

71. In response, Plaintiff was met with continuous judicial misconduct by Defendant Simpson, who deliberately ignored discovery and suppression motions, disregarding Plaintiff's filings and rights.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

**72.** Defendant Simpson further exacerbated the situation by issuing bench warrants for Plaintiff's failure to appear, despite Plaintiff's timely submission of filings and requests for discovery.

73. In response to the charges levied against him, Plaintiff formally challenged their basis by issuing a Notice of Liability and Demand for Abatement to the Ypsilanti Police Department and Washtenaw County Prosecutors Office.

74. This presentment, executed under penalty of perjury, invoked both the U.S. and Michigan Constitutions and was directed to the Washtenaw County Prosecutor's Office and the Ypsilanti Police Department.

75. In it, Plaintiff declared his political status, identified repeated civil rights violations, and imposed lawful consequences for any further trespass upon his liberties.

76. This notice included clear constitutional claims and penalties for continued unlawful conduct, and requested abatement of further action absent a verified and lawful basis.

77. In addition to these administrative notices, Plaintiff pursued formal judicial remedies in the Michigan appellate courts.

78. On December 9, 2024, Plaintiff filed a Petition for a Writ of Mandamus with the Michigan Court of Appeals, demanding that the lower court be compelled to perform its constitutional duties, including honoring Plaintiff's right to due process and judicial review.

79. On December 11, 2024, Plaintiff filed a Petition for a Writ of Superintending Control, seeking supervisory intervention to correct the pattern of judicial nonfeasance and obstruction at the district court level.

80. These petitions were part of a broader effort to exhaust all lawful avenues for redress.

81. Following the evidentiary hearing, Plaintiff issued a series of sworn affidavits and rebuttal letters intended to lawfully refute the factual and legal foundation of the criminal allegations. These included:

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

- A *Formal Rebuttal to Charges* addressed specifically to Defendant Tyson, Officer Smith, and Sgt Gibbs, clearly identifying legal contradictions in their reports, and citing relevant case law including *People v. Moreno* and *People v. Feeley*, to show the charges lacked merit.

- A *Sworn Affidavit of Truth*, which recited in detail the factual timeline of events, acts of excessive force, fabricated evidence, and procedural misconduct by judicial officers and law enforcement. It demanded relief, including dismissal of charges, internal investigation, suppression of tainted evidence, and compensation for harm suffered.

82. Though these lawful notices, filings, and formal rebuttals, were delivered with no response or rebuttal was ever issued by the prosecution, the police department, or the judiciary. Under binding legal maxims—an unrebutted affidavit stands as truth in commerce and law—this silence amounts to tacit acquiescence and a presumed admission to the facts as stated.

83. In furtherance of this good-faith effort to invoke due process, Plaintiff sent multiple documents by certified mail to law enforcement and prosecutorial offices. The following tracking numbers confirm receipt:

- Certified Mail No. 9589 0710 5270 2353 7338 92
  Sent to Ypsilanti Police Department – March 7, 2025

- Certified Mail No. 9589 0710 5270 2384 7575 08
  Sent to Ypsilanti Police Department – March 12, 2025

- Certified Mail No. 9589 0710 5270 0871 8043 46
  Sent to Ypsilanti Police Department – March 26, 2025

- Certified Mail No. 9589 0710 5270 0871 8043 39
  Sent to Michigan A.G. Office – March 29, 2025

84. Upon bind over to Circuit Court, On April 1, 2025, Plaintiff filed an Affidavit in Demand for a True Bill, requesting presentment within a 72-hour timeframe.

85. To date, there has been no acknowledgment or response regarding the availability of the request, further confirming the County's failure to meet its burden of proof and provide procedural fairness.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

86. Furthermore, Plaintiff submitted an Affidavit of Truth on April 2, 2025 and again on April 10, 2025, which, though being properly filed and served, these filings have been *intentionally* excluded from the court's record.

87. This conduct constitutes more than mere negligence; it demonstrates the intentional suppression of exculpatory materials as part of a coordinated pattern of procedural manipulation and judicial non-responsiveness, amounting to fraud upon the court and a denial of Plaintiff's rights to fairness, due process, and equitable relief.

88. At the April 3, 2025 pre-trial conference, Defendant Slay initially approved Plaintiff's request to appear via Zoom. However, without addressing or acknowledging Plaintiff's legal and factual assertions, she abruptly terminated the video call and, without cause or discussion, unilaterally expedited an adjourned hearing, setting it for April 10, 2025, while demanding Plaintiff's physical appearance in person.

89. Even with proper rebuttals and unaddressed affidavits on the record, and while denying Plaintiff's request for zoom access, Defendant Slay proceeded to issue a bench warrant for "Failure To Appear".

90. The failure to respond, rebut, or even acknowledge these actions amounts to judicial bad faith, constructive fraud, and a wholesale deprivation of procedural fairness compounded by retaliatory bench warrants.

## **D. Collateral Impact On Parental Rights and Judicial Abuse in Family Court**

91. Although Defendant Conlin did not preside over Plaintiff's criminal case directly, he serves as Chief Judge in Washtenaw County, which includes both the Criminal and Family Divisions.

92. Defendant Conlins position and influence allowed him to improperly use the criminal proceedings against Plaintiff in the context of the family court matters.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

93. On November 20, 2024, Defendant Conlin unlawfully suspended Plaintiff's parenting time, citing the pending criminal charges, without affording Plaintiff prior notice or an opportunity to be heard.

94. The McCloskeys (Alyssa and Scott), in coordination with Defendant Conlin, have repeatedly weaponized emergency services and manipulated law enforcement and the court system to advance personal vendettas against Plaintiff, resulting in sustained violations of his constitutional rights.

95. On October 24, 2024, the McCloskeys maliciously reported Plaintiff's location to law enforcement just before his scheduled custody exchange, knowing the police would arrest him due to a bench warrant. Their intent was not public safety, but to disrupt Plaintiff's custodial time, cause his arrest, and interfere with his parent-child relationship.

96. The McCloskeys orchestrated multiple 911 calls that day, resulting in Plaintiff's wrongful arrest and subsequent medical discharge from the Washtenaw County Jail due to hypertension and emotional distress caused by their actions. These calls were a deliberate attempt to interfere with Plaintiff's parental rights.

97. Despite Plaintiff's medical discharge and efforts to complete the parenting exchange at the child's school, the McCloskeys again contacted law enforcement later that day to interfere with Plaintiff's scheduled parenting time. This was the second time they abused the legal process to deprive Plaintiff of time with his child that day.

98. These manipulative actions reflect an ongoing pattern of retaliatory conduct aimed at depriving Plaintiff of his parental rights. The McCloskeys used their false claims to harass and stalk Plaintiff, all the while attempting to alienate him from his child.

99. On November 19, 2024, Defendant Alyssa McCloskey submitted an affidavit requesting an emergency ex parte order to suspend Plaintiff's parenting time, referencing the arrest she and her husband had orchestrated. This ex parte request violated Plaintiff's rights to due process, relied on fabricated claims, and further perpetuated a pattern of fraudulent actions.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

100.    Defendant Conlin granted this ex parte order on November 20, 2024, without an evidentiary hearing or

an opportunity for Plaintiff to respond, violating Plaintiff's constitutional rights to procedural due process

and his fundamental parental rights.

101.    Following the unlawful suspension of Plaintiff's parenting time, Defendant Alyssa McCloskey,

through her counsel Veronica White, escalated her retaliatory campaign by filing an Affidvait/Order to

SHOW CAUSE why Plaintiff shouldn't be held in contempt on December 17, 2024. In that filing,

Defendant McCloskey requested both civil and criminal contempt charges against Plaintiff. This petition

was filed less than a month after the November 19, 2024 ex parte suspension of Plaintiff's rights,

compounding the procedural abuse already inflicted upon him.

102.    Defendant McCloskey's decision to pursue contempt proceedings—rather than addressing the

underlying judicial misconduct or false arrest issues—reflected a continued pattern of weaponizing the

courts to achieve personal and retaliatory goals. The contempt proceedings were prioritized over Plaintiff's

properly filed Motion to Disolve Ex Parte, Motion for Recusal, and Writ of Quo Warranto while

Defendants effectively sidestepping legitimate challenges to judicial bias and further stacking the

proceedings against Plaintiff.

103.    On January 15, 2025, Defendant Slay dismissed Plaintiff's Recusal Motion without proper

consideration and immediately pivoted toward aggressively pursuing the contempt charges against

Plaintiff. These actions occurred despite Plaintiff's pending appeal in the Michigan Court of Appeals

(Case No. 373843), filed on December 23, 2024, challenging the underlying unlawful deprivation of his

rights.

104.    The relentless efforts by Defendants to incarcerate Plaintiff through civil and criminal contempt

proceedings, while ignoring credible allegations of misconduct, exemplify a grotesque abuse of judicial

authority and personal vendettas disguised as legal process. The conduct of the Defendants illustrates a

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

deliberate, coordinated campaign to silence Plaintiff's lawful attempts to vindicate his rights and to punish him for seeking redress through legitimate legal channels.

105.    Defendant Slay, now presiding over both Plaintiff's baseless criminal case and the parallel custody matter, has abused her dual authority to suppress accountability for the misconduct perpetrated within Washtenaw County courts. By controlling both proceedings simultaneously, Defendant Slay has used the pending criminal charges—despite their lack of evidentiary support—as justification to prolong and effectively ban Plaintiff's access to his child, without any proof of actual harm, danger, or wrongdoing by Plaintiff.

106.    While delaying any genuine reunification efforts between Plaintiff and his child in the family court proceedings, Defendant Slay has simultaneously expedited Plaintiff's criminal matter without proper legal foundation. These actions are calculated to shield the court system from scrutiny and avoid addressing the constitutional violations Plaintiff has raised. Defendant Slay's conduct constitutes a gross abuse of judicial discretion, revealing a systemic pattern of bad faith, retaliatory litigation tactics, and obstruction of justice at the judicial level.

107.    During the December 12, 2024 hearing, Defendant Conlin ignored the well-documented abuse of process by the McCloskeys, relying on fabricated police reports and unadjudicated criminal charges to continue the suspension of Plaintiff's parental rights. This decision undermined Plaintiff's right to a fair hearing and denied him due process.

108.    On January 24, 2025, Defendant Slay, after reassignment of the case, upheld Defendant Conlin's prior orders without a de novo review, further denying Plaintiff his constitutional rights. The court also imposed severe restrictions on Plaintiff's access to his child, including appointing Scott McCloskey—the very individual who had orchestrated the false reports against Plaintiff—as the supervisor for Plaintiff's limited, one-hour video calls with his child.

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

109.    This decision by Defendant Slay was retaliatory in nature, as it allowed the McCloskeys, who had abused emergency services and the legal process to harm Plaintiff, to continue exerting control over Plaintiff's interactions with his child. The appointment of Scott McCloskey as the supervisor of these video calls undermines any meaningful connection between Plaintiff and his child, and reflects a disregard for Plaintiff's parental rights.

110.    The court-imposed conditions for these video calls, including restrictions on the topics Plaintiff could discuss with his child, further demonstrated the punitive and retaliatory nature of the proceedings. These interruptions, which included abrupt terminations of calls and dismissive treatment, are part of the broader pattern of abuse Plaintiff has experienced.

111.    The actions of Defendant Conlin, Defendant Slay, and the McCloskeys reflect a coordinated effort to strip Plaintiff of his parental rights and to retaliate against him for challenging their actions. These sustained violations have caused irreversible harm to Plaintiff's relationship with his child, and reflect systemic abuse of judicial and law enforcement power.

112.    The actions of Defendants—who manipulated the legal process and abused their power—represent not only retaliation but a clear violation of Plaintiff's constitutional rights. Plaintiff seeks immediate redress for these ongoing violations and a remedy for the broader systemic harm caused by the abuse of judicial power and the manipulation of law enforcement and emergency services by private parties like the McCloskeys.

113.    Under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), Washtenaw County is liable for constitutional violations resulting from its policies, practices, or customs, including its failure to safeguard due process rights and prevent judicial overreach. The County's inability to protect Plaintiff from these abuses reflects a broader institutional failure.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

# CLAIMS FOR RELIEF

## Claim I – 42 U.S.C. § 1983 – False Arrest / Unlawful Seizure (Fourth Amendment)

114. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

115. Defendant Tyson, Officer Smith, and Sgt Gibbs, acting under color of law, arrested and detained Plaintiff on October 11, 2024, without a warrant, probable cause, or exigent circumstances, thereby violating Plaintiff's rights under the Fourth and Fourteenth Amendments.

116. The arrest was not based on individualized suspicion or any objectively reasonable justification. The officers' own statements and the sequence of events confirm that the charge was fabricated post hoc.

117. Plaintiff suffered a deprivation of liberty, emotional distress, reputational harm, and financial loss as a direct result of the unlawful seizure.

## Claim II – 42 U.S.C. § 1983

## Malicious Prosecution / Fabrication of Evidence

118. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

119. Defendants, acting individually and in concert, caused criminal charges to be initiated against Plaintiff without probable cause by fabricating evidence and submitting false police reports.

120. Officers Tyson, Smith, and Gibbs knowingly submitted coordinated and materially false incident reports contradicting their spontaneous on-scene statements.

121. These actions initiated and prolonged a baseless prosecution in violation of Plaintiff's due process rights.

## Claim III – 42 U.S.C. § 1983

## Suppression of Exculpatory Evidence (Brady Violation)

122. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

123. Defendants, including Officer Tyson, A.P.A. Londy, and Simpson willfully suppressed/obstructed access to body camera footage and other exculpatory materials that undermined the prosecution's allegations.

124. This suppression violated Plaintiff's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and deprived him of a fair judicial process.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

### Claim IV – 42 U.S.C. § 1983
### Judicial Misconduct and Procedural Due Process Violations

125. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

126. Judge Simpson, acting under color of state law, unlawfully expanded criminal charges against Plaintiff without any motion from the prosecution or new factual predicate.

127. These actions exceeded judicial authority and violated the Fifth and Fourteenth Amendments' guarantees of due process and separation of powers.

### Claim V – First Amendment Retaliation

128. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

129. Plaintiff engaged in protected speech and petitioned the courts and executive agencies for redress. In response, he was retaliated against by prosecutors, officers, and judges, including the addition of unsupported charges and suppression of filings and affidavits.

### Claim VI – Abuse of Process / Retaliatory Child Custody Interference
### (Fourteenth Amendment Substantive Due Process)

130. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

131. Defendants Alyssa and Scott McCloskey deliberately abused state resources, including police and court systems, to interfere with Plaintiff's custodial rights.

132. Judge Conlin issued ex parte custody orders without factual basis or procedural safeguards, relying on false reports to indefinitely suspend Plaintiff's parenting time and impose unlawful restrictions on his access to the court.

133. These acts violated Plaintiff's substantive due process rights to family integrity, as recognized under *Troxel v. Granville*, 530 U.S. 57 (2000), and the Fourteenth Amendment.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

# MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(c)

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves for summary judgment on Claims I through VI. The evidentiary record, including sworn testimony, documentary evidence, and uncontroverted facts, establishes that there is no genuine dispute as to any material fact, and that Plaintiff is entitled to judgment as a matter of law on each claim.

## Statement of Undisputed Material Facts

### I. Unlawful Arrest and Fabricated Felony Charges

1. On October 11, 2024, Plaintiff was arrested by Officers Tyson, Gibbs, and Smith without a warrant, probable cause, or any articulable suspicion of criminal conduct.
2. Body-worn camera footage from the officers shows that Officer Tyson initially claimed that Plaintiff "kicked me — he tried to kick me in the nuts," but minutes later recanted, stating, "No, I'm just joking."
3. There is no physical evidence or corroborative witness testimony to support the alleged assault.
4. At the February 11, 2025 evidentiary hearing, Officers Gibbs and Smith testified under oath that they did not witness any assault by Plaintiff on Officer Tyson.
5. Officer Tyson could not identify the instant in the body-worn footage that would corroborate the alleged assault.
6. Incident reports submitted by the officers were materially identical in structure and language, suggesting coordination and fabrication of charges post hoc.
7. No lawful basis for the criminal charges was established, and the charges were based solely on inconsistent and jest statements post hoc.

### II. McCloskeys' Ex Parte Affidavit and Judge Conlin's Order

8. On October 11, 2024, Plaintiff was unlawfully arrested without probable cause.
9. On October 24, 2024, Defendants Alyssa and Scott McCloskey knowingly and maliciously misused the 911 emergency system by placing three separate 911 calls regarding Plaintiff.
10. During a hearing on January 24, 2025, the McCloskey's admitted under oath that they initiated these calls not because Plaintiff engaged in any unlawful conduct, but because they were aware Plaintiff had an active warrant and sought to cause his arrest.

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

*11.* As a direct result of the McCloskey's misuse of emergency services, Plaintiff was arrested again on October 24, 2024. This second arrest within a week was artificially manufactured through the Defendants' manipulation of law enforcement resources.

*12.* The McCloskey's subsequently relied on the circumstances they themselves had orchestrated — specifically, Plaintiff's October 24, 2024 temporary detention — to support their ex parte emergency motion filed on November 19, 2024, in Washtenaw County Family Court.

*13.* In their emergency affidavit, the McCloskeys falsely portrayed Plaintiff as a danger to the welfare of his child, claiming a "potential" risk of the child being left unattended at a bus stop, and explicitly requested that Plaintiff's parenting time be suspended pending the resolution of unadjudicated criminal charges.

*14.* The McCloskeys' conduct in misusing 911 services to engineer Plaintiff's arrest, then using the manufactured arrests to obtain an ex parte suspension of parental rights, was premeditated, malicious, and undertaken to serve their private interests rather than any legitimate public concern.

*15.* Such conduct constituted an abuse of legal process and a deliberate deprivation of Plaintiff's constitutional rights under color of state law.

*16.* On November 20, 2024, Judge Conlin issued the ex parte order, suspending Plaintiff's parenting time without notice, hearing, or evidentiary review, based on the unresolved criminal charges.

*17.* Conlin issued the order without any factual investigation and even done so prior to Londy submitting discovery to Plaintiff and without access to any exculpatory materials from the criminal case.

*18.* On December 12, 2024, Judge Conlin upheld his initial suspension order, reading the felony charge in full into the family court record over Plaintiffs continuous objections or giving Plaintiff a meaningful opportunity to be heard.

*19.* As a direct result of The McCloskey's and Conlin actions by and through this ex parte order, Plaintiff has been indefinitely denied access to his child and has not seen his child since November 11, 2024.

### III. Judicial Misconduct by Defendant Simpson and Prosecutorial Misconduct by Londy

*20.* Prosecutor Londy and Assistant Prosecutor Savit failed to disclose critical exculpatory evidence, even objecting to the review of their own material in open court, including body-worn camera footage, violating *Brady v. Maryland, 373 U.S. 83 (1963)* actively in real time.

*21.* On February 11, 2025, during a hearing in the criminal matter, Judge Simpson abruptly instructed his clerk to terminate the courtroom review of the prosecution's body-worn camera footage.

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

22. Immediately thereafter, and without any motion or evidentiary basis from the prosecution, Judge Simpson sua sponte expanded the charges against Plaintiff from one felony count to three. This unilateral action violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments.

23. The failure to disclose this evidence prevented Plaintiff from presenting a full defense in both the criminal and family court proceedings, and allowed the McCloskeys' underlined motion to be granted by Conlin.

### IV. Retaliation, Abuse of Process, and the Suspension of Parental Rights

24. Defendants Alyssa and Scott McCloskey engaged in a sustained, multi-year campaign to interfere with Plaintiff's custodial rights, fabricating and falsifying their own narrative. Their efforts culminated in success when they submitted their *second* attempt at an ex parte motion on November 19, 2024, leveraging unresolved and meritless criminal accusations to secure the suspension of Plaintiff's parenting time.

25. Judge Conlin's suspension order was an extension of this abuse of process, as it was issued without proper procedural safeguards, and based solely on unsupported and fabricated allegations.

26. As of todays date, Plaintiff has seen his child for over five months as a direct and ongoing consequence of the coordinated and unlawful actions of all named Defendants, whose abuse of state power, authority, and procedural violations collectively deprived Plaintiff of his fundamental rights to family integrity.

### V. Ongoing Harm and Deprivation of Rights

27. Plaintiff has suffered irreparable harm, including but not limited to emotional distress, severe damage to his relationship with his child, financial losses, and the continued deprivation of his parental rights.

## Legal Standard Under Rule 56(c)

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine issue exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Where no such issue exists, and the facts are supported by the record, judgment is proper.

## Argument

The record establishes conclusively that:

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

- Plaintiff was arrested without probable cause (Claim I);
- Evidence was fabricated to justify prosecution (Claim II);
- Exculpatory evidence was suppressed (Claim III);
- Charges were unlawfully expanded by a judge without motion or legal predicate (Claim IV);
- Plaintiff's protected First Amendment activity was met with state retaliation (Claim V); and
- Defendants abused legal process to interfere with Plaintiff's custodial rights, violating substantive due process (Claim VI).

Each claim is supported by uncontroverted testimony, video evidence, and official records. There are no genuine disputes of material fact precluding judgment. **The evidence is clear, direct, and corroborated**—including admissions under oath, documented violations of constitutional rights, and systemic misconduct.

Accordingly, Plaintiff respectfully submits that the Court's intervention to award full custody is necessary not merely to vindicate Plaintiff's constitutional parental rights, but also to safeguard the minor child against continued emotional harm, manipulation, and instability resulting from Defendants' unlawful and malicious conduct as documented by this harassment campaign.

## **Conclusion and Relief**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant summary judgment in his favor on all six claims (Claims I–VI) and enter judgment as a matter of law.

Accordingly, Plaintiff respectfully requests the following relief:

1. **Declaratory Relief**

   A. A declaration that Defendants' actions, jointly and severally, violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments.
   B. A declaration that the ex parte suspension of Plaintiff's parenting time and restrictions on his court access were unlawful and imposed without due process.

2. **Preliminary and Permanent Injunctive Relief**

   A. An immediate Preliminary Injunction and Temporary Restraining Order enjoining Defendants from:
      a. Interfering with Plaintiff's custodial and visitation rights.
      b. Enforcing any unlawful restrictions on Plaintiff's court filings or communication with his child.
   B. An order restoring Plaintiff's full parenting time, including the immediate reinstatement of his custodial rights ex parte where necessary to prevent irreparable harm to the parent-child relationship.
   C. An order granting Plaintiff full legal and physical custody of his minor child, as Defendants' actions—including the misuse of emergency services, malicious prosecution,

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

and parental alienation—have consistently undermined the child's best interests through ongoing bad-faith misconduct. This includes the continued, vindictive termination of Plaintiff's one-hour/week video calls, which has been repeatedly done with the intent to cause harm and further disrupt the parent-child relationship.

3. **Dismissal of Pending Charges**

    A. An order dismissing with prejudice all pending criminal charges and proceedings that were unlawfully initiated through fraudulent reports, retaliatory motives, and procedural misconduct.

4. **Independent Investigation**

    A. A formal request for the appointment of a Special Master under Fed. R. Civ. P. 53 to examine:
        a. Judicial and prosecutorial misconduct alleged herein.
        b. False reporting and abuse of emergency services by private parties acting in concert with state actors.
        c. Systemic due process violations within the Washtenaw County Trial Court's Family and Criminal Divisions.

5. **Monetary Damages**

    A. Compensatory damages for emotional distress, reputational harm, legal expenses, lost parenting time, and violations of Plaintiff's constitutional rights.
    B. Punitive damages against all individual Defendants who acted with malice or reckless disregard for Plaintiff's rights.
    C. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

6. **Sanctions and Accountability**

    A. Appropriate civil contempt sanctions or disciplinary referrals for judicial or prosecutorial actors who willfully violated their ethical or constitutional duties.
    B. Referral of Alyssa and Scott McCloskey for criminal investigation under state and federal law for knowingly making false reports to law enforcement and CPS with the intent to deprive Plaintiff of his civil rights.

7. **Other Relief**
    Any other relief the Court deems just and proper to redress the injuries suffered by Plaintiff and prevent further violations.

---

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

---

Issued and affirmed without prejudice and with full reservation of all rights.

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

Issued and affirmed without prejudice and with full reservation of all rights.

Respectfully submitted,

Dated: April 25, 2025

By: Beneficiary, By: *Dariel McGough*

daniel-ryan:mcgough, beneficiary
for **DANIEL RYAN MCGOUGH**
Without Prejudice, Without Recourse
P.O. BOX 970081
Ypsilanti, Michigan [48197]

---

## Witnesses

Witness 1 Signature

**Brooklynn Ostrander**
Witness 1 Printed

Date: April 25, 2025

Witness 2 Signature

**Kaylie Sloan**
Witness 2 Printed

Date: April 25, 2025

---

## Notarial Acknowledgement

Jackson County of Michigan State

I, _____, a Public Notary, was visited today,
this twenty-fifth day of April in the year two thousand twenty-five by the man known to me to be
Daniel Ryan McGough and said man did affirm and sign this Notice and Presentment of Fraud,
Trespass, Breach of Fiduciary Obligation and Commercial Default in my presence for the purposes
stated. And on this same day, said above two witnesses, confirmed their identity to me,
then affirmed and signed the same, respectively.

By: _____

**KAYLA RENFER**
NOTARY PUBLIC, Jackson County, MI
My Commission Expires May 19, 2027

Notary Public

*(Place Seal here)*

Date: 4/25/2025

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough** C/O PO Box 970081 Ypsilanti MI [48197]
**313-348-0459** | dryan0659@icloud.com

*McGough v. Washtenaw County, et al.* | U.S. District Court - Eastern District of Michigan

## <u>Table of Contents — Exhibits in Support of Complaint</u>

| Exhibit | Pages | Description |
|---|---|---|
| Exhibit 1 | 30–33 | Ypsilanti Police Report (Oct. 11, 2024) |
| Exhibit 2 | 34–36 | Exonerating excerpts from Defendant Tyson's bodycam transcript. |
| Exhibit 3 | 37 | Felony Complaint – Absent a Complaintant |
| Exhibit 4 | 38 | Register of Actions |
| Exhibit 4 | 39 | Washtenaw County Sheriff Report:<br>Defendants First 911 dispatch to Plaintiff's Mother's Home (Oct. 25, 2024). |
| Exhibit 5 | 40–41 | Washtenaw County Sheriff Report:<br>Third 911 dispatch to Plaintiff's mother's home (Oct. 25, 2024). |
| Exhibit 6 | 42 | Text messages from Defendant Alyssa McCloskey admitting misuse of 911<br>and demonstrating legal and moral incompetence. (Oct 25, 2024) |
| Exhibit 7 | 43 | Michigan State Police Report: Child's disclosure of abuse<br>by mother prior to retaliatory ex parte filing (November 8, 2024). |
| Exhibit 8 | 44 | Frivolous Ex Parte Request Based on Defendants Own Manufactured Law<br>Enforcement Activity (Nov. 19, 2024) |
| Exhibit 9 | 45 | Ex Parte Suspension Order Entered Without Due Process (Nov. 20, 2024) |
| Exhibit 10 | 46 | Defendant's Repeated Attempts to Obtain Ex Parte Relief<br>Despite Lack of Legal Merit (May 26, 2023) |
| Exhibit 11 | 47-48 | Defendant Conlin's imposition of procedural barriers<br>and obstruction of Plaintiff's access to justice. (December 12, 2024) |
| Exhibit 12 | 49 | Defendant Alyssa McCloskey's Petition for Contempt Against Plaintiff<br>Requesting Civil and Criminal Charges (Dec 17, 2024) |
| Exhibit 13 | 50- 51 | Collateral Economic Harm: Plaintiff's Loss of Employment<br>Opportunities Due to Retaliatory Criminal Charges |
| Exhibit 14 | 52-53 | Friend of the Court's Indifference to Continued Custodial Interference<br>(March 17, 2025 & March 19, 2025). |
| Exhibit 15 | 54 | First in Series of False CPS Reports Filed<br>by the McCloskeys Against Plaintiff (June 26, 2021) |
| Exhibit 16 | 55 | Veteran's Statement on Oaths of Office, Lawful Authority, and<br>Constitutional Accountability |
| Exhibit 17 | 56-60 | Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy |

| 10/11/2024 YPD Police Report |
|---|

CR No: 240013842

YPSILANTI PD

505 W MICHIGAN AVE
YPSILANTI MI 48197
734-483-9510

**Case Report**

| Administrative Details: | |
|---|---|
| CR No | Subject |
| 240013842 | SUPPLEMENT REPORT |
| Report Date/Time | Occurrence Date/Time |
| 10/11/2024 02:46 | 10/11/2024 02:46 |
| Location | Call Source |
| 113 W MICHIGAN AVE | 911 |
| Dispatched Offense | Verified Offense |
| 5393 Disorderly Conduct (Other) | 1313 Assault/ Battery/Simple (Incl Domestic and Police Officer) |
| County | City/Twp/Village |
| 81 - Washtenaw | 80 - Ypsilanti |
| Division | |
| Patrol | |

| Action Requested: | |
|---|---|
| [ ] Arrest warrant | [ ] Review only |
| [ ] Search warrant | [ ] Forfeiture |
| [ ] Juvenile petition | [ ] Other |

| 10/11/2024 YPD Police Report |
| --- |

CR No: 240013842

Redaction ID: 465565

| Offenses: | | |
| --- | --- | --- |
| **1313 - Assault/ Battery/Simple (Incl Domestic and Police Officer   [YCSMITHL (402)]** | | |
| IBR Code / IBR Group | Offense File Class | |
| 13B - Simple Assault / A | 13001 - NONAGGRAVATED ASSAULT | |
| Crime Against | Location Type | Offense Completed |
| PE | 18 - Parking Lot/Garage | Completed |
| Domestic Violence | Hate/Bias | |
| No | 00 - None (No Bias) | |
| Using | | |
| A-Alcohol: No   C-Computer Equipment: No   D-Drugs/Narcotics: No | | |
| Weapons | | |
| 40 - Personal Weapons (Hands, Feet, Teeth, etc.) | | |
| Criminal Activity | | |
| N - None/Unknown | | |

| **4801 - Resisting Officer   [YCSMITHL (402)]** | | |
| --- | --- | --- |
| IBR Code / IBR Group | Offense File Class | |
| 90Z - All Other Offenses / B | 48000 - OBSTRUCTING POLICE | |
| Crime Against | Location Type | Offense Completed |
| | 18 - Parking Lot/Garage | Completed |
| Domestic Violence | Hate/Bias | |
| No | 00 - None (No Bias) | |
| Using | | |
| A-Alcohol: No   C-Computer Equipment: No   D-Drugs/Narcotics: No | | |

| **4802 - Obstruct Criminal Investigation   [YCSMITHL (402)]** | | |
| --- | --- | --- |
| IBR Code / IBR Group | Offense File Class | |
| 90Z - All Other Offenses / B | 48000 - OBSTRUCTING POLICE | |
| Crime Against | Location Type | Offense Completed |
| | 18 - Parking Lot/Garage | Completed |
| Domestic Violence | Hate/Bias | |
| No | 00 - None (No Bias) | |
| Using | | |
| A-Alcohol: No   C-Computer Equipment: No   D-Drugs/Narcotics: No | | |

| Narrative: |
| --- |

CR No: 240013842-001     Written By: YCTYSOND (00395)     Date: 10/11/2024 04:47 AM

SUPPLEMENT REPORT:

R/O Assault on officer

LOCATION:

Puffer Red's

113 W. Michigan Ave.

Ypsilanti, MI 48197

INFORMATION:

While searching a Daniel McGough who was under arrest for interfering with police investigation. I had Daniel at the back door of Sgt. Gibbs patrol vehicle Daniel made statements about dashing

Page 2 of 4

Created On 10/16/2024 12:17 PM

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

| 10/11/2024 YPD Police Report |
| --- |

CR No: 240013842

Redaction ID: 40060

referring to running. I told Daniel to relax as I held him against the vehicle. At which time Daniel kicked back with his right leg striking me in the groin. I then placed Daniel in the back of Sgt. Gibbs' patrol vehicle.

**STATUS:**
Open.

**SUBMITTED:**
Tyson#395

| CR No: 240013842-002    Written By: YCSMITHL (402)    Date: 10/11/2024 05:59 AM |
| --- |

**NATURE OF INCIDENT:**
Resisting and Obstructing, Obstructing an Investigation, and Assault on a Peace Officer

**DATE/TIME:**
10/11/2024 0246HRS

**LOCATION:**
113 W Michigan Ave
Ypsilanti, MI 48197

**ARRESTEE:**
Daniel Mcgough

**INFORMATION:**
I was dispatched to 113 W Michigan Ave reference a fight in progress. Dispatch advised a white male with a large gray sweatshirt and a black male is in the parking lot behind puffer red fighting. Upon arrival, I started canvassing the area and observed a white male surrounded with alcoholic cans laid against a vehicle and the following occurred.

**CONTACT WITH DANIEL MCGOUGH:**
While I was investigating, Daniel Mcgough began to approach Sgt. Gibbs and began to consistently question Sgt.Gibbs in a disorderly manner. Sgt Gibbs gave multiple verbal warning to Daniel to leave from the location to deescalate the situation. Daniel continuously obstructed the investigation after multiple warnings from Sgt. Gibbs and officers on scene. While placing Daniel into handcuffs, he consistently resisted officers by placing both of his forearms and hands together against the patrol vehicle as officers tried to place him in custody. Daniel was escorted

Page 3 of 4

Created On 10-16-2024 12:17 PM

All Rights Reserved Without Prejudice

| 10/11/2024 YPD Police Report |
|---|

CR No: 240013842

Redaction ID: 400006

to Sgt. Gibbs patrol vehicle to be searched. As I was conducting the search, Daniel assaulted Ofc. Tyson by kicking him in the groin with his right foot after multiple warnings from Ofc.Tyson and officers on scene. The search was completed, and Daniel was placed into the patrol vehicle.

**ARREST:**
I transferred custody to Ofc. Cheese and Daniel was transported to Washtenaw County Jail for booking and processing.

**STATUS:**
Open

**SUBMITTED BY:**
Smith #402

**CFS Narrative By: YCSMITHL (402)**

I was dispatched to 113 W Michigan Ave reference a fight in progress. Dispatch advised a white male with a large gray sweatshirt and a black male is in the parking lot behind puffer red fighting. Upon arrival, I started canvassing the area and observed a white male surrounded with alcoholic cans laid against a vehicle. While I was investigating, Daniel Mcgough continuously obstructed the investigation after multiple warnings from Sgt. Gibbs and officers on scene. While placing Daniel into handcuffs, he consistently fought officers and was escorted to my patrol vehicle to be searched. As I was conducting the search, Daniel assaulted Ofc. Tyson by kicking him in the groin with his right foot after multiple warnings from Ofc.Tyson and officers on scene. Daniel was transported to Washtenaw County Jail for booking and processing.

**SEE REPORT**
Smith #402

**CFS Narrative By: YCTYSOND (00395)**

I was dispatched to 113 W. Michigan Ave. reference a fight. Dispatch advised two subjects were in the back parking lot of Puffer Red's. Upon arrival officers canvassed the area for the subjects with negative results.

**INCIDENT ONLY:**
Tyson#395

Page 4 of 4

Created On 10-16-2024 12 17 PM

| 10/11/2024 Arrest Transcript Exercepts |
| --- |

STATE OF MICHIGAN

IN THE 14A-1 DISTRICT COURT (WASHTENAW COUNTY)

THE PEOPLE OF THE STATE OF MICHIGAN,

                                        Case No. 24-13842
v.                                      Hon. Cedric J. Simpson

DANIEL MCGOUGH,

            Defendant.
_____./

TRANSCRIPTION OF VIDEO TITLED:

24-242 YPD FOIA BODY CAM 1.MP4

Friday, October 11, 2024 - Timestamp of 2:50:50

TRANSCRIPTION PROVIDED BY:
KRISTEN SHANKLETON (CER 6785)
Modern Court Reporting & Video, L.L.C.
SCAO Firm No. 08228
101-A North Lewis Street
Saline, Michigan 48176
moderncourtreporting@hotmail.com
(734) 429-9143/krs

**Note:**
For full copies of transcripts, reports, or related materials, email dryan616@icloud.com.
State or federal agents may contact the Washtenaw County Prosecutor's Office, which has had possession of the
original audio and video recordings since entering the indictment into the State system on October 11, 2024.
Transparency is encouraged.

10/11/2024 Arrest Transcripts Execerpts

```
 1              DISPATCH:  Clear.
 2              SERGEANT GIBBS:  -- what we're going to do, we
 3       charge him, one, interfering. Several times talked to him,
 4       he's out, whatever, refused to move, interfering. And then
 5       get him over there. Did he --
 6              OFFICER TYSON:  Man he kicked me -- he tried to
 7       kick me in the nuts, bruh.
 8              SERGEANT GIBBS:  He -- he kicked you?
 9              OFFICER TYSON:  Hell, yeah. Why you think I got
10       what -- did what I -- I wasn't trying to do it. He kicked
11       me.
12              SERGEANT GIBBS:  Oh, I didn't know he kicked. So
13       that's R&O right there. So we can take him straight to
14       jail at this point. Yep.
15              OFFICER TYSON:  Okay.
16              JACOB:  For real?
17              OFFICER TYSON:  No, not you, dawg.
18              JACOB:  Me?
19              SERGEANT GIBBS:  You're good.
20              OFFICER TYSON:  You good, brother.
21              JACOB:  Well, then why you telling him that?
22              OFFICER TYSON:  No.
```

**Note:**
**For full copies of transcripts, reports, or related materials, email dryan616@icloud.com.**
**State or federal agents may contact the Washtenaw County Prosecutor's Office, which has had possession of the original audio and video recordings since entering the indictment into the State system on October 11, 2024. Transparency is encouraged.**

13

All Rights Reserved Without Prejudice

10/11/2024 Arrest Transcripts Excerpts

```
17              HVA STAFF 1:  Do you guys know him?
18              OFFICER TYSON:  I do not.  It's my first time
19       encounter (unintelligible).
20              HVA STAFF 1:  Yeah, I've seen (unintelligible)
21       behind Puffer Reds a few times.  I wasn't sure if it was a
22       regular guy, but.
23              (At timestamp 3:12:12, audio cuts out)
24              (At timestamp 3:12:22, audio resumes)
25              OFFICER TYSON:  I got kicked, too.  I'm hurting.
```

30

```
1        No, I'm just joking. Ha-ha.  You've got to deal with me the
2        rest of the night.
3               HVA STAFF 2:  It's been a night.  Have you guys
4        had a crazy night, too, or?
5               OFFICER TYSON:  Yes.
6               HVA STAFF 2:  Yeah.
7               OFFICER TYSON:  It's been an entertaining night,
8        nonetheless.
```

**Note:**
For full copies of transcripts, reports, or related materials, email dryan616@icloud.com.
State or federal agents may contact the Washtenaw County Prosecutor's Office, which has had possession of the
original audio and video recordings since entering the indictment into the State system on October 11, 2024.
Transparency is encouraged.

| 10/11/2024 Complaint Felony – Absent a Complaintant |
| --- |

CTN: 2024004825 DC1
wn

| | Information - Circuit Court | Bind over/Transfer - Circuit/Juvenile Court |
| --- | --- | --- |
| | Original Complaint - Court | Complaint copy - Prosecutor |
| | Warrant - Court | Complaint copy - Defendant/Attorney |

| STATE OF MICHIGAN | COMPLAINT | T.C.N. NO.: |
| 14A2 JUDICIAL DISTRICT | FELONY | DISTRICT: |
| 22ND JUDICIAL CIRCUIT | | CIRCUIT: |

District Court ORI: MI- MI810035J
415 West Michigan, Ypsilanti, MI  734-484-6690

Circuit Court ORI: MI- MI810015J
101 E. Huron Street Ann Arbor, MI, 48107

| THE PEOPLE OF THE STATE OF MICHIGAN | V | Defendant's name and address DANIEL MCGOUGH AKA: 1173 Hunter Ave YPSILANTI, MI  48198 | Victim or complainant |
| --- | --- | --- | --- |
| | | | Complaining Witness COURT OFFICER |
| | | | Date: On or about 10/11/2024 |

| Co-defendant(s) | | | | | |
| --- | --- | --- | --- | --- | --- |
| City/Twp./Village Ypsilanti City | County in Michigan WASHTENAW | Defendant TCN | Defendant CTN 81-24004825-01 | | Defendant SID 2354579J |
| Defendant DOB Put DOB in Ref. No. row 1 on MC 97 | Defendant DLN Put DLN in Ref. No. row 3 on MC 97 | DLN Type: Oper./Chauf | Vehicle Type | Defendant Sex M | Defendant Race W |
| Police agency report no. YPD 24-13754 | Charge See below | | | Maximum penalty See below | |

[ X ] A sample for chemical testing for DNA identification profiling is on file with the Michigan State Police from a previous case.

**STATE OF MICHIGAN, COUNTY OF Washtenaw**
The complaining witness says that on the date and at the location described: 113 W MICHIGAN AVE, the defendant, contrary to law,

**COUNT 1:** POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING
did assault, batter, wound, resist, obstruct, oppose, or endanger DARNELL TYSON, a police officer of YPSILANTI POLICE DEPARTMENT that the defendant knew or had reason to know was performing his or her duties; contrary to MCL 750.81d(1). [750.81D1]
FELONY: 2 Years and/or $2,000.00.  A consecutive sentence may be imposed under MCL 750.506a if the assault was committed in a place of confinement, or under MCL 750.81d(6) for another violation arising from the same transaction

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken at arrest.

ON INFORMATION, BELIEF AND OTHER EVIDENCE

☐ The complaining witness asks that the defendant be apprehended and dealt with according to law.

| Warrant authorized on 10/11/2024 by: _____ Date | I declare under the penalties of perjury that this complaint has been examined by me and that its contents are true to the bes of my information, knowledge, and belief. |
| --- | --- |
| Prosecuting Official, PATRICIA REISER P52153 | |
| ☐ Security for costs posted | Complaining Witness Signature _____ Date _____ |

Approved SCAO, PACC-PAAM Replacement
Form MC 200w, Rev. 9/22
MCL 764.1 *et seq.*, MCL 766.1 *et seq.*, MCL 767.1 *et seq.*, MCR 6.101, MCR 6.102

Distribute form to:
Court
Prosecutor
Defendant

**OFFICER IN CHARGE:  LAWRENCE SMITH  YPD 24-13754**

Register of Actions

# REGISTER OF ACTIONS
### CASE NO. 25-000075-FH

| The People of the State of Michigan vs McGough, Daniel Ryan | § § § § § § § § § | | Case Type: | **Noncapital Felonies (FH)** |
|---|---|---|---|---|
| | | | Date Filed: | **02/13/2025** |
| | | | Location: | **Adult** |
| | | | Judicial Officer: | **Slay, Arianne E.** |
| | | | Criminal Tracking Number: | **812400482501** |
| | | | District Court Case Number: | **24F21389** |
| | | | Police Report Number: | **24-13842** |
| | | | Tracking Control Number: | **J624021677W** |

### PARTY INFORMATION

| **Defendant** | **McGough, Daniel Ryan** SID: MI2354579J | Male White 5' 10", 170 lbs | **Attorneys** Pro Se |
|---|---|---|---|
| **State of Michigan** | **People of the State of Michigan** | | |

### CHARGE INFORMATION

| Charges: McGough, Daniel Ryan | Statute | Level | Date |
|---|---|---|---|
| 1. POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 10/11/2024 |
| 2. POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 10/11/2024 |
| 3. POLICE OFFICER - ASSAULTING/RESISTING/OBSTRUCTING | 75081D1 | Felony | 10/11/2024 |

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS |
|---|---|
| 02/11/2025 | **Bind Over Packet Received** |
| 02/11/2025 | **Protected Personal Identifying Information** |
| 02/11/2025 | **Defendant's Bond** |
| | *PR bond continued* |
| | Amount: 5,000.00 |
| 04/01/2025 | **Affidavit** |
| | *of Request for Certified Copy of True Bill* |
| 04/02/2025 | **Transcript** |
| | *of Preliminary Examination held 02-11-2025 (107 pages)* |
| 04/02/2025 | **Demand - Waiver for Transcript of Preliminary Examination** |
| 04/03/2025 | **Pre-Trial** (1:30 PM) (Judicial Officer Slay, Arianne E.) |
| | Result: Held |
| 04/04/2025 | **Request and Order for Zoom Appearance Granted** |
| | *sgd 4/3/25* |
| 04/09/2025 | **Request and Order for Zoom Appearance Denied** |
| | *(sgd 4/8/2025)* |
| 04/10/2025 | **Pre-Trial** (1:30 PM) (Judicial Officer Slay, Arianne E.) |
| | *Adj 4/3* |
| | Result: Failed to Appear - Bench Warrant to Issue |
| 04/10/2025 | **Affidavit** |
| | *of Notice of Non-Appearance, Rebuttal of Charges, and Dismissal* |

10-25-2025 Abuse of Police Powers to Undermine Plaintiffs Parentinging time

CR No: 240082125

## WASHTENAW COUNTY SHERIFF'S OFFICE
2201 HOGBACK RD.
ANN ARBOR MI 48105
734-973-4655

Jerry L. Clayton, Sheriff

### Case Report

| Administrative Details: | |
|---|---|
| CR No | Subject |
| 240082125 | |
| Report Date/Time | Occurrence Date/Time |
| 10/25/2024 14:54 | 10/25/2024 14:54 |
| Location | Call Source |
| 1173 HUNTER AVE | PHONE |
| Dispatched Offense | Vashed Offense |
| C3324 Suspicious Circumstances | L3503 Attempt to Serve Warrant - WD |
| County | City/Twp/Village |
| 81 - Washtenaw | 20 - Ypsilanti Twp |
| Division | |
| PTO | |

| Action Requested: | |
|---|---|
| [ ] Arrest warrant | [ ] Review only |
| [ ] Search warrant | [ ] Forfeiture |
| [ ] Juvenile petition | [ ] Other |

### People:

**MCGOUGH, DANIEL RYAN (O-OTHER) (X-MISCELLANEOUS)   (WDSARCEVICHV (02935)**

| PF | W Type | Last Name | First Name | Middle Name | Suffix | Mr/Mrs/Ms |
|---|---|---|---|---|---|---|
| | | MCGOUGH | DANIEL | RYAN | | |
| Aliases | | | Driver License# | DL State | DL Country | Personal ID# |
| | | | | MI | | |
| DOB (Age) | Sex | Race | Ethnicity | Birth City & State | Birth Country | Country of Citizenship |
| | M | WHITE | Unknown | | | |
| Eye Color | | Hair Color | | Hair Style | Hair Length | Facial Hair |
| Blue | | Blond or Strawberry | | | | |
| Complexion | Build | | Teeth | Height | Weight | Attire |
| Street Address: | | | Apt # | County | Country | Home Phone | Work Phone |
| | | | | | | UNKNOWN | |
| City | | State | | Zip | Cell Phone | Email |
| YPSILANTI | | MI | | 48198-3187 | UNKNOWN | |

### Narrative:

**CFS Narrative By: WDSARCEVICHV (02935)**

WDDAILEYD - 14:54:21 - TOW BEAT: WALL WDDAILEYD - 14:54:21 - CLR KNOWS S1,
WON'T SAY HOW, SAYS HE HAS A WARRANT & IS CURRENTLY AT THIS LOCATION S1:
MCGOUGH/DANIEL// WM          WDSHAWJ - 14:55:55 - S1 MCGOUGH/DANIEL, WM,

Page 1 of 2                                                    Created On 12/02/2024 01:12 PM

---

CR No: 240082125

ATTEMPTED TO SERVE A WARRANT ON MCGOUGH DANIELS. IT WAS YPD WARRANT.
HE ADVISED THAT HE SUBMITTED A REQUEST TO QUASH THE WARRANT/ GET RID OF
THE WARRANT. THE JUDGE DID NOT REVIEW IT YET, SO WE TOOK HIM TO THE
COUNTY JAIL. MEDICAL PERSONNELL ADVISED THAT HE HAS HIGH BLOOD PRESSURE.
TOT HVA

All Rights Reserved Without Prejudice

10/25/2025 Continued Misuse of Police Powers to Harrass and Intimidate Paintiff

CR No: 240082189

## WASHTENAW COUNTY SHERIFF'S OFFICE

2201 HOGBACK RD
ANN ARBOR MI 48105
734-973-4655

Jerry L. Clayton Sheriff

### Case Report

### Administrative Details:

| CR No | Subject |
|---|---|
| **240082189** | |
| Report Date/Time | Occurrence Date/Time |
| **10/25/2024 18:27** | **10/25/2024 18:27** |
| Location | Call Source |
| **1173 HUNTER AVE** | **PHONE** |
| Dispatched Offense | Verified Offense |
| **5311 Disorderly Conduct** | **C3324 Suspicious Circumstances** |
| County | City/Twp/Village |
| **81 - Washtenaw** | **20 - Ypsilanti Twp** |
| Division | |
| **Station 2** | |

### Action Requested:

[ ] Arrest warrant      [ ] Review only

[ ] Search warrant      [ ] Forfeiture

[ ] Juvenile petition      [ ] Other

### Narrative:

**CFS Narrative By: WDEARLEYJ (02899)**

WDHILOBUKT - 18:27:21 - TOW BEAT: WALL WDHILOBUKT - 18:27:21 - DANIEL MCGOO,
████████ - POSS AT ADDRESS CAUSING ISSUES WITH MOTHER IN LAW WDDAILEYD -
18:33:31 - MCGOUGH/DANIEL// WM ██████ LSW PLAID GRY & BLU SHIRT, DARK GRN
PANTS ██████████████████████████████████████████

██████████████████████████████████████

██████████████████████

We spoke with mother and she stated all is well. They believe Daniel's child's mother has been
calling the police on him. There were no signs of aggression between Daniel and his mom.

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

> 10/25/2024 Message from Defendant Alyssa McCloskey Confessing her Malicious Intent

**4:11** 📶 5G

‹ 152

Alyssa

for what? I don't get it

Sorry that's a lot. Don't mean to make your life harder. That was not my intention. But I'm glad you're safe. I don't want you to think I won't ever call the cops on Dan though, if I think you're in danger I would. But I didn't this time lol just to clarify

That can be my nick name "cop caller"

lol okay maybe that's not funny. I'm sorry

I just try to do the right thing

I don't always know what is

I was talking to my friend again cause he accused me of talking to you when the police came so I showed him my phone for🦵was on the phone 🦴 I'll t tomorrow gotta shut dow

This message was sent by Defendant McCloskey shortly after she and her husband placed three separate calls to law enforcement on Plaintiff in one day.

In the message, Defendant McCloskey jokingly refers to herself as "the cop caller," and admits uncertainty in her actions, stating: "I don't always know what that is."

Her dismissive attitude toward involving law enforcement without cause highlights her reckless behavior and suggests an intent to alienate Plaintiff from his child. These actions not only demonstrate Defendant McCloskey's legal incompetence but also exacerbate the harm done to Plaintiff and the child's best interests by repeatedly involving the police without justification.

All Rights Reserved Without Prejudice

10/25/2024 Message from Defendant Alyssa McCloskey

4:11

< 162

Alyssa

couldn't go to Duncan's if he didn't leave RIGHT THEN.

And I was like no you're not gonna use that manipulation bs Simon's going to go if he wants to be done with stem I can bring him by after it's done

And then he was like no we're leaving and grabbed Simon and I was like the f you are

And I asked Simon if I was right in grabbing him when dad did, because I don't want to do that if he doesn't want me to of course and he said yes and was thankful. We had to play tug of war with Simon. Like just makes me sick that he couldn't sit down like a human and talk to me about it and reason it out with me. Just wants to stomp his feet and demand stuff for what? I don't get it

Sorry that's a lot. Don't mean to make your life harder. That was not my intention. But I'm glad you're safe. I don't want you to think I won't ever call the cops on Dan though, if I think you're in danger I would. But I didn't this time lol just to clarify

That can be my nick name "cop caller"

In this message, Defendant Alyssa McCloskey admits to physically harming the child and engaging in a "tug of war" with him when the he attempted to leave with plaintiff. This admission of physical force, in response to the childs desire to leave outlines Defendant McCloskey's wrongful actions, as she resorted to physical control rather than handling the situation in a calm and responsible manner. Her behavior demonstrates an utter lack of appropriate judgment and discernment in situations that require a measured response, particularly when interacting with a child.

Furthermore, Defendant McCloskey's own words reveal her uncertainty about the appropriateness of her actions. She explicitly asks our 7-year-old if she was "right in grabbing him," underscoring her admission of indecision and lack of confidence in her choices. This is a direct admission of her inability to properly evaluate and handle delicate matters regarding rhe Childswell-being and emotional state.

These actions, combined with her previous pattern of involving law enforcement unnecessarily, underscore the clear lack of judgment and responsibility required for making critical decisions regarding a childs welfare. Given her admission of physical force, her ongoing inability to act appropriately in emotionally charged situations, and her reliance on a 7-year-old child for validation, Defendant McCloskey has proven herself legally incompetent to make important decisions affecting Simon's life and best interests.

10/25/2024 – State Police Report and Childs Disclosure of Abuse by Mother Preceding Ex Parte Request

| MICHIGAN DEPARTMENT OF STATE POLICE | ORIGINAL DATE Sun, Nov 03, 2024 | | INCIDENT NO 012-0008577-24 | |
|---|---|---|---|---|
| ORIGINAL INCIDENT REPORT | TIME RECEIVED 1440 | | FILE CLASS 98006 | |
| | WORK UNIT MSP BRIGHTON POST | | COUNTY WASHTENAW | |
| COMPLAINANT DANIEL RYAN MCGOUGH | | | TELEPHONE NO (313) 348-0459 | |
| ADDRESS: STREET AND NO 1173 HUNTER AVE | CITY YPSILANTI | | STATE MI | ZIP CODE 48198 |
| INCIDENT STATUS CLOSED | | | | |

## CIVIL / CUSTODY

### SUMMARY:

I was dispatched to ▮▮▮▮▮▮▮▮ for a civil complaint that occurred at the venue. I contacted the complainant, Daniel Mcgough. Daniel informed me at the below listed date and time he was doing a custody exchange with ▮▮▮▮▮▮. Daniel was supposed to be picking up ▮▮▮▮. ▮▮▮ did not allow Daniel to pick up ▮▮▮▮. Daniel informed me ▮▮▮ grabbed ▮▮▮▮ arm and dragged him away. ▮▮▮ corroborated the statement. Daniel stated he just wanted to report the incident. I informed Daniel that custody disputes are a civil issue and a mother grabbing her child's arm is not a crime. I cleared the scene without incident.

### VENUE:

WASHTENAW COUNTY
7425 WILLIS RD
AUGUSTA TWP, MI

### DATE & TIME:

ON OR AFTER: FRI, OCT 25, 2024 AT 1730

### COMPLAINANT / FATHER:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| NAM: | DANIEL RYAN MCGOUGH | | | | | | | |
| BIR: | | | | RAC: | WHITE | ETH: | | |
| NBR: | 1173 | DIR: | | SEX: | MALE | DL: | MI/M220135755954 | |
| STR: | HUNTER | | | DOB: | 12/16/1988 | SSN: | | |
| SFX: | AVENUE | | | HGT: | 5'10" | SI: | / | |
| CTY: | YPSILANTI | ST: | MI | WGT: | 210 | FBI: | | |
| TXH: | | ZIP: | 48198 | HAI: | | MNU: | | |
| TXW: | | | | EYE: | Blue | PR: | | |
| MB: | (313) 348-4259 | | | | | | | |
| SMT: | | | | | | | | |

| PAGE | INVESTIGATED BY: | INVESTIGATED BY: | REVIEWED BY: |
|---|---|---|---|
| 1 of 2 | POHL, JOSHUA, 1209, TROOPER | | |
| PRINTED 12/6/2024 15 25 | | | |

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

11/19/2024 Frivolous Ex Parte Request Based on Defendants Own Manufactured Law Enforcement Activity

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>**22ND JUDICIAL CIRCUIT**<br>**FAMILY DIVISION**<br>**WASHTENAW COUNTY** | **AFFADAVIT IN SUPPORT OF REQUEST FOR EX PARTE ORDER** | CASE NO. 19-2734-DC<br>HON. _Judge Conlin_ |
| P.O. Box 8645, Ann Arbor, MI 48107-8645 | | Court telephone number: **(734) 222-3001** |

Plaintiff's name, address and telephone number: Alyssa McCloskey
6988 McKean Rd Lot 72
Ypsilanti MI 48197
734-927-2196

v

Defendant's name, address and telephone number: Daniel McGough
1173 Hunter ave Ypsilanti, MI 48197

313-938-8092

1. I am the Plaintiff in this case, and affirm the following statements.
2. If sworn as a witness, I can testify competently to the facts stated in this affidavit, because I have personal knowledge of them.
3. The following events have occurred that have led me to ask for an *ex parte* Court order.

See attached. Defendant has also been arrested on two of his parenting days before pick up Resulting in potential negligence ie. getting left at bus stop.

4. The Court order that I have requested will govern the following matters:

Parenting time, Suspension until ~~court~~ defendants Criminal Case has Final Judgement.

5a. Irreparable harm will result from the delay required to give notice of my request because of these specific facts: threats made to child by defendant as well as current charges make it clear defendant is unsafe, Has poor Judment, and may be Suffering from mental illness.
OR
5b. Notice itself will result in adverse action before an order can be issued, because of these specific facts: _____

_Alyssa McCloskey_                    11-19-2024
Signature                                      Date

Subscribed and sworn to before me on 11/19/24 (date)
in WASHTENAW County, Michigan.
My commission expires on _____ (date).
Signature of Notary: _____
DEPUTY

---

11-19-2024 Ex Parte Suspension Order Entered Without Due Process

---

STATE OF MICHIGAN
[illegible]
[illegible]
WASHTENAW COUNTY

**EX PARTE ORDER FOR CUSTODY/PARENTING TIME AND/OR CHILD SUPPORT**

CASE NO. [illegible]

HON [illegible] Cave

Court telephone number: (734) 222-[illegible]

Plaintiff's name, address and telephone number: Alyssa McCluskey
[illegible]

[illegible] [illegible]

V

Defendant's name, address, and telephone number: Daniel McGough
[illegible] Hunter ave YP [illegible]
[illegible]

[illegible] 958-8092

Date of Order: **NOV 2 0 2024**

1. The Court has reviewed Plaintiff's request for an ex-parte Order, and the factual statements made in support of that request in the documents submitted.

2. The Court is satisfied that ☒ irreparable injury, loss or damage will result from the delay required to effect notice; and/or that ☐ notice itself will precipitate adverse action before an order can issue.

3. The Court also finds that:

☐ The *ex parte* order will not change the child(ren)'s established custodial environment; OR

☐ There is clear and convincing evidence that the best interests of the child(ren) require a change in the established custodial environment.

IT IS ORDERED:

Defendant's parenting time is underlined{suspended} until further order of the Court.

IT IS FURTHER ORDERED THAT a copy of this Order (with attached Notice) and the Motion or Affidavit upon which the Order is based are to be served upon the Defendant ~~with service of the Summons and Complaint~~

[signature]

*Family Division Judge*

Washtenaw [illegible]
[illegible]

**NOV 2 2 2024**

FILED

---

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

**Defendant's Repeated Attempts to Obtain Ex Parte Relief Despite Lack of Legal Merit**

| | ORDER GRANTING / DENYING EX PARTE MOTION and PROOF OF SERVICE | CASE NO. 19 - 2734 DC |
|---|---|---|

STATE OF MICHIGAN
22ND JUDICIAL COUNTY TRIAL COURT

Court address
101 E. HURON ANN ARBOR MI 48104

Plaintiff's name, address, phone and email:

*Alyssa McCloskey*

v

Defendant's name, address, phone and email:

*Daniel McGough*

### ORDER GRANTING / DENYING EX PARTE MOTION
At a session of said court held in the
City of Ann Arbor, County of Washtenaw,
State of Michigan on __5/26/2023__

PRESENT. HONORABLE PATRICK J. CONLIN, JR
Circuit Court Judge

Washtenaw County
Trial Court

**MAY 26 2023**

**FILED**

This matter is before the Court on an Ex Parte Motion for *Suspension of parenting time*

1. The Court has reviewed the motion for an Ex Parte Order, and the factual statements made in support of that motion in the documents submitted.

2. ____ The Court is satisfied that irreparable injury, loss or damage will result from the delay required to effect notice; and / or that notice itself will precipitate adverse action before an order can issue, **OR**

3. ☒ The Court is **NOT** satisfied that irreparable injury, loss or damage will result from the delay required to effect notice; and / or that notice itself will precipitate adverse action before an order can issue, and the motion can be scheduled for hearing on the regular motion docket.

IT IS ORDERED:

*The request for ex parte relief is denied.*
*Plaintiff may set this matter for hearing with*
*notice to Defendant.*

IT IS FURTHER ORDERED that a copy of this Order with the attached Notice and the Motion and Affidavit upon which the Order is based are to be served upon the other party. A proof of service shall be filed with the Court

Hon. Patrick J. Conlin, Jr. P53333

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459 | dryan616@icloud.com**

Defendant Conlin's imposition of procedural barriers and obstruction of Plaintiff's Access to justice.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ALYSSA LEWIS (KNA McCLOSKEY)
    Plaintiff,

v

Case No. 19-002734-DC
HON. Patrick J. Conlin, Jr.

DANIEL McGOUGH,
    Defendant.

---

Veronica J. White (P62684)
Attorney for Plaintiff
455 East Eisenhower, Suite 300, #44
Ann Arbor, Michigan  48108
(734) 761-1286

Daniel McGough
Defendant
1173 Hunter Avenue
Ypsilanti, Michigan  48198
(734) 263-1193

---

**ORDER AFTER HEARING ON DEFENDANT'S MOTION REGARDING SCHOOL SELECTION, BODY MODIFICATIONS; DEFENDANT'S OBJECTION TO FRIEND OF THE COURT RECOMMENDATION; DEFENDANT'S MOTION TO DISSOLVE EX PARTE ORDER; and PLAINTIFF'S MOTION FOR VEXATIOUS LITIGATOR RELIEF, ATTORNEY FEES AND COSTS, AND OTHER RELIEF**

Entered: ___DEC 1 2 2024___

At a hearing held on 12/12/2024, with both parties present in the Courtroom and Plaintiff's counsel present by Zoom (due to illness), after being advised on the record, and for the reasons stated on the record:

1. Defendant's MOTION REGARDING SCHOOL SELECTION, BODY MODIFICATIONS is denied.

2. Defendant's OBJECTION TO FRIEND OF THE COURT RECOMMENDATION is denied and the Friend of the Court's recommendation is adopted.

3. An evidentiary hearing will be held on _____ at _____ for Defendant's MOTION TO DISSOLVE EX PARTE ORDER. _____

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

> Defendant Conlin's imposition of procedural barriers and obstruction of Plaintiff's Access to justice.

4. In reference to Plaintiff's MOTION FOR VEXATIOUS LITIGATOR RELIEF, ATTORNEY FEES AND COSTS, AND OTHER RELIEF:

    i.    Defendant must have judicial approval to file a motion;

    ii.    Defendant must post a $2,000 bond when the approved motion is filed;

    iii.    Defendant is ordered to pay $6,000 in attorney fees in the amount of $500 per month until it is paid in full. The first payment is due on January 1st, 2025, and shall be due on the 1st of the month each month thereafter until the balance is paid in full.

5. All other Orders not inconsistent with this ORDER remain in full force and effect.

_____
HON. Patrick J. Conlin, Jr. (P56333)
Washtenaw County Circuit Court Judge

Prepared by:

 /s/ Veronica J. White
_____
Veronica J. White (P62684)
Attorney for Plaintiff

Defendant Alyssa McCloskey's Petition for Contempt Against Plaintiff
Requesting Civil and Criminal Charges (Dec 17, 2024)

Approved MCL 600 [...]

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>22nd    JUDICIAL CIRCUIT<br>COUNTY | MOTION, AFFIDAVIT, AND/OR ORDER<br>TO SHOW CAUSE | CASE NO. and JUDGE<br>19-2734-DC<br><br>HON. Patrick J. Conlin, Jr. |
|---|---|---|

Court address | Court telephone no.
104 E Huron St, PoB 8645, Ann Arbor, MI, 48107-8645 | 734-222-3961

Plaintiff's/Petitioner's name, address, and telephone no.
Alyssa McCloskey

v

Defendant's/Respondent's name, address, and telephone no.
Daniel McGough

In the matter of _____

An order and affidavit is not required when the
show cause is issued on the judge's own motion

**MOTION AND AFFIDAVIT**

1. I am interested in this matter as  Plaintiff's Counsel _____

2. Daniel McGough _____  ☑ has failed to comply with an order dated  12-12-2024 ____
   Name (type or print)                              ☐ is in contempt for _____
   State with particularity admissible facts establishing this motion
   Defendant has filed motions without approval of the Court or posting bond, one of which he has set for hearing on 01-15-2025

   The Motion set for hearing on 01-15-2025 and the relevant ORDER is attached to this MOTION

3. I request an order directing  Daniel McGough _____ to show cause why
                                 Name (type or print)

   ☑ a. he/she should not be found in  ☑ civil   ☑ criminal   contempt of court.       Washtenaw County
                                                                                         1st District Court

   ☐ b. judgment should not be entered against him/her (as surety/agent) for the full amount of recognizance.      DEC 19 2024

   ☑ c. judgment should not be entered against him/her for failure to file a garnishee disclosure

   ☐ d. other _____       FILED

4. This affidavit is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this
   motion and affidavit.

   _____
   Signature

Subscribed and sworn to before me on  12.17.24 __
                                       Date

My commission expires on  7.19.29 ____

Notary public, State of Michigan, County of  Wayne _____  ☑ Acting in the County of  Washtenaw
☐ This notarial act was performed using an electronic notarization system or a remote electronic notarization platform.

_____
Deputy clerk/Notary public signature
Jennifer Michalik
Name (type or print)

Approved SCAO
Form MC 235 Rev 1/24
MCL 600 1711(2), MCR 2.107(B), MCR 3.106(D), MCR 3.101
MCR 3.206(E), MCR 3.302(E), MCR 3.606(A), MCR 5.108, MCR 6.10 RB
MCR 6.615 E
Page 1 of 2

Distribute form to:
Court
Subject
Return

JENNIFER MICHALIK
Notary Public - State of Michigan
County of Wayne
My Commission Expires 7.19.2029
Acting in the County of Washtenaw

Evidence of ongoing irreparable harm: loss of employment opportunities due to Defendants' actions.

02/26/2025

DANIEL RYAN MCGOUGH

1173 HUNTER AVE

We regret to inform you that █████████████████████ _____ is unable to
consider you further for employment, continued employment, and/or promotion.

This decision was based in whole or in part on information contained in a report from the HR Management Group,
Inc., A division of American Society of Employers (ASE). Please be advised that ASE did not make this employment
decision and is unable to supply you with specific reasons why the decision was made.

Under Section 612 of the Fair Credit Reporting Act (FCRA), you have the right to obtain a free copy of the report if
you submit a written request to the agency identified above no later than 60 days after you receive this notice. Under
Section 611 of the FCRA, you also have the right to dispute with the consumer reporting agency the accuracy or
completeness of any information in the report. You may contact ASE at the following address and/or telephone
number:

> HR Management Group, Inc., a division of ASE
> 5505 Corporate Dr. Ste. 200
> Troy, MI 48098
> Phone (800) 353-4500

Please be prepared to provide proper identification to ensure confidentiality. If you wish to dispute the accuracy of
the information contained in a credit report, you must contact the credit bureau directly at the following address
and/or telephone:

> Trans Union
> 2 Baldwin Place
> P.O. Box 1000
> Chester, PA 19022
> Phone (888) 888-4213
> www.transunion.com

Sincerely,

SARAH █████████

Evidence of ongoing irreparable harm: loss of employment opportunities due to Defendants' actions.

To: Dani McGough

Add

Hi Daniel,

I was able to get feedback and have an additional question for you.  Are you able to share a police report with us to help determine how we can move forward?

**Sarah**
Mgr, Human Resources

Friend of the Court's Indifference to Continued Custodial Interference (March 17, 2025).

# WASHTENAW COUNTY TRIAL COURT   -   FAMILY DIVISION



OFFICE OF THE FRIEND OF THE COURT

Washtenaw County Courthouse
101 E Huron  P.O. Box 8645
Ann Arbor MI  48107 8645
Phone  734  222 3000
Fax  734  222 3032

March 17, 2025

Daniel McGough
*Confidential Address*

RE  LEWIS v MCGOUGH
Case Number  2019-002734-DC

Dear Mr  McGough

A parenting time denial complaint was submitted on March 13, 2025, alleging a denial of time on March 8, 2025, from 10 00 AM to 11.00 AM   After reviewing the complaint and the response, it does not appear there is a violation of the court order   The controlling order in this case grants parenting time by video on this day from 10 00 AM to 11 00 AM, which will be facilitated by Plaintiff's husband  The complaint does not allege that this video call was denied  There is nothing in your order preventing redirection of conversation topics deemed appropriate by the facilitator of these phone calls  The court speaks through its orders  Friend of the Court Enforcement Division is responsible for enforcing denials of parenting time but does not address alleged violations of parenting time conditions

Your parenting time complaint is denied, and Friend of the Court will take no action at this time   If either party disagrees with the Friend of the Court's position, you must file a motion with the court

This letter resolves the parenting time denial complaint dated March 13, 2025

Sincerely,
*Erika Wheeler*

Parenting time Enforcement Division
Washtenaw County Friend of the Court

Friend of the Court's Indifference to Continued Custodial Interference (March 19, 2025).

**ZOOM**
## NOTICE OF FRIEND OF COURT
## EVALUATION APPOINTMENT

STATE OF MICHIGAN
WASHTENAW COUNTY
TRIAL COURT

**Name: Alyssa McCloskey**

Attorney: Jeffrey Bennett (P43949)
S. Grove Rd. Ste U, Ypsilant, MI 48198
345-0511

v

**Name: Daniel McGough**
Address *CONFIDENTIAL*

Attorney: In Pro Per

Dear Mr McGough.

**PLEASE TAKE NOTICE THAT** your case is rescheduled for an evaluation on the issue of Parenting Time on the following date and time.

**WEDNESDAY, MAY 7, 2025, AT 9:30 AM**

This matter will be held with:

Patrick Meehan

**PARTIES ARE NOT TO APPEAR IN PERSON.** This proceeding will be conducted via Zoom teleconference/videoconference. Please do not allow children to appear for Zoom meeting

At least 5 minutes before your scheduled hearing, please call +1 646 558 8656 and then use the **Meeting ID 677 081 6202** to join.

If you wish to connect by video, please go to https://zoom.us/join from your PC or MAC, or download the Zoom mobile app to participate on your mobile device, prior to the call and then use **Meeting ID 677 081 6202** to join

The FOC does not provide technical support for this meeting.

**If Friend of the Court Questionnaire(s) were included with this notice, they should be completed and returned one week prior to the meeting; electronic submissions can be submitted to: meehanp@washtenaw.org**

### CERTIFICATE OF MAILING

I certify that on this date I mailed a copy of this Notice of Evaluation Meeting to all interested parties at the address(es) shown above.

Dated   March 19, 2025

_/MM/_
*Melissa Morrison*

All Rights Reserved Without Prejudice
**Submitted By: Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

**6-26-2021 First in Series of False CPS Reports Filed by the McCloskeys Against Plaintiff**

WASHTENAW COUNTY SHERIFF'S OFFICE

## Case Report
### Administrative Details:

210041844

06/26/2021 13:02

C3330 Assist Other Law Enforcement Agency

Vander Roest, Benjamin (WDVANDERROESTB-02434)

81 - Washtenaw

Station 2

C3330 - Assist Other Law Enforcement Agency

06/26/2021 13:02

PHONE

C3330 Assist Other Law Enforcement Agency

20 - Ypsilanti Twp

### Action Requested:

[ ] Arrest warrant
[ ] Search warrant
[ ] Juvenile petition

[ ] Review only
[ ] Forfeiture
[ ] Other

### Victim Offender Relationships

| Offender | Type | Relationship |
|---|---|---|
| MCGOUGH, DANIEL RYAN | S-SUSPECT | |

**MCCLOSKEY, SCOTT ANTHONY (O-OTHER) (X-MISCELLANEOUS)  [WDVANDERROESTB (02434)]**

| Last Name | First Name | Middle Name |
|---|---|---|
| MCCLOSKEY | SCOTT | ANTHONY |

DL State: MI

Sex: M   Race: WHITE   Ethnicity: undefined   Birth City & State: undefined

Eye Color: Hazel   Hair Color: Brown   Hair Style:

Height: 5' 7"   Weight: 190

Street Address:   Country: UNKNOWN

City: MADISON HEIGHTS   State: MI   Zip: 48071-3060

School: undefined   School City: undefined   Grade: undefined

On Probation Parole: No

**LEWIS, ALYSSA RACHELLE (O-OTHER) (MM- OF MINOR)  [WDVANDERROESTB (02434)]**

| Last Name | First Name | Middle Name |
|---|---|---|
| LEWIS | ALYSSA | RACHELLE |

DL State: MI

Sex: F   Race: WHITE   Ethnicity: undefined   Birth City & State: undefined

Eye Color: Blue   Hair Color: Brown   Hair Style:

Height: 5' 1"   Weight: 100

Street Address:   Country: UNKNOWN

YPSILANTI   MI   48197-942

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459 | dryan616@icloud.com**

**Veteran's Statement on Oaths of Office, Lawful Authority, and Constitutional Accountability**

As a United States Army veteran who has sworn an oath to support and defend the Constitution of the United States "against all enemies, foreign and domestic," Plaintiff approaches this matter with a profound respect for the rule of law, lawful authority, and the principles of public trust and accountability.

It is with deep personal concern—not merely as a litigant but as a former sworn servicemember—that Plaintiff notes the alarming irregularities in the oaths of office for several officials central to this case, including Defendants Conlin, Slay, Simpson, Savit, and Londy. Publicly available versions of these oaths reveal the absence of official seals, appointing signatures, or proper certifications—calling into serious question the constitutional legitimacy of the authority under which these individuals have acted.

These failures are not isolated technical deficiencies. They reflect a broader pattern of misconduct and systemic abuse as outlined throughout this Complaint. The absence of lawfully executed oaths parallels the Defendants' continuous efforts to obstruct justice, suppress exculpatory evidence, and maliciously pursue wrongful criminal convictions against Plaintiff—all while shielding their own misconduct from public scrutiny and accountability.

This disregard for lawful authority has come at devastating personal cost. Plaintiff and his family have endured unbearable emotional stress and hardship throughout these proceedings, compounded by the shocking reality that the original complainant in Plaintiff's criminal matter admitted their allegation was merely a "joke." Yet despite the clear absence of probable cause, and despite Plaintiff's demonstrated innocence, Washtenaw County officials have persisted in pursuing baseless charges with the goal of incarcerating Plaintiff and insulating their own unlawful actions from examination.

The intentional pursuit of a guilty verdict, without evidence, and at the expense of Plaintiff's liberty, livelihood, parental rights, and fundamental dignity, paints a sobering picture of what is at stake: a systemic failure where public officials, charged with upholding the Constitution, have instead weaponized the machinery of justice for personal and institutional protection.

As a veteran who once stood ready to defend the very freedoms and principles now being violated by these officials, Plaintiff brings forward this statement to underscore the gravity of these violations—and to insist that no individual, regardless of office, is above the Constitution they are sworn to serve.

Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy

# OATH OF OFFICE

STATE OF MICHIGAN }
County of Washtenaw } SS.

*I do solemnly swear that I will support the Constitution of the United States and the*

*Constitution of this State, and that I will faithfully discharge the duties of the office of*

_____Circuit Court Judge_____

*according to the best of my ability.*

_____
Signature

PATRICK J. CONLIN, JR
Name Printed or Typed

*Sworn to and subscribed before me this* 22nd *day of* December
20 14 .

_____
Signature

_____
Title

_____
Name Printed or Typed

Name of Notary: Kelly A. Roberts
County: Washtenaw
Commission
Expires: 1/8/2018

\* This information is requested if Oath of Office is taken before someone other than a notary public.

\*\* When filing with the Secretary of State, original signatures are required.

Form 32-5/99-SM

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com

Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy

| Londy | Ashley | |
|-------|--------|--|
| Surname | Given Name | Middle |

**APPOINTMENT OF** Ashley Londy                    **Assistant Prosecutor**

STATE OF MICHIGAN )         By virtue of the power in me vested by the Statute in such case made and provided
County of Washtenaw )   ss.   I  the undersigned  Prosecutor of the said County of Washtenaw, do hereby constitute and appoint the above
named person as   Assistant Prosecutor         of said County of Washtenaw, and to hold said office during my
pleasure. Given under my hand at Ann Arbor in said County, this          day of

_____
Signature of Appointing Officer

**OATH OF DEPUTY**    Ashley Londy                    **Assistant Prosecutor**

STATE OF MICHIGAN )         I do solemnly swear that I will support the Constitution of the United States and the
County of Washtenaw )   ss.   constitution of this state, and that I will faithfully discharge the duties of
Assistant Prosecuting   in and for the County of Washtenaw, State of Michigan to the best
Attorney
of my ability.

Subscribed and sworn to before me, this  6+h  day of  January , 2025

Sara E Warwick
Sara E Warwick            Revoked           By _____
                                                Signature of Revoking Officer

Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy

All Rights Reserved Without Prejudice

Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy

| Savit | Eli | |
|---|---|---|
| Surname | Given Name | Middle |

**APPOINTMENT OF** Eli Savit                          **Washtenaw County Prosecuting Attorney**

STATE OF MICHIGAN  )          By virtue of the power in me vested by the Statute in such case made and provided

County of Washtenaw  )  ss.     I, the undersigned, Prosecutor of the said County of Washtenaw, do hereby constitute and appoint the above

named person as    Washtenaw County Prosecuting Atto   of said County of Washtenaw, and to hold said office during my

pleasure. Given under my hand at Ann Arbor in said County, this          *10 th*          day of  *December*  *2024*

_____

Signature of Appointing Officer

**OATH OF DEPUTY**    Eli Savit                          **Washtenaw County Prosecuting Attorney**

STATE OF MICHIGAN  )          I do solemnly swear that I will support the Constitution of the United States and the

County of Washtenaw  )  ss.     constitution of this state, and that I will faithfully discharge the duties of

in and for the County of Washtenaw, State of Michigan, to the best
of my ability

                                          X  *E. S.*
_____

Subscribed and sworn to before me, this    day of

Revoked                          By  _____

                                          Signature of Revoking Officer

Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy

# OATH OF OFFICE

**STATE OF MICHIGAN**

County of _Washtenaw_

*I do solemnly swear that I will support the Constitution of the United States and the Constitution of this State, and that I will faithfully discharge the duties of the office of*

_22nd Circuit Court Judge_

*according to the best of my ability.*

_Arianne Elizabeth Slay_
Signature**

_Arianne Elizabeth Slay_
Name - Printed or Typed

Sworn to and subscribed before me this _28th_ day of _November, 2022_

_____
Signature of Officer Administering Oath or Notary Public**

_Deputy Clerk_
Title*

Name of Notary:

County:

Commission:

Expires:

P. REILLY
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WASHTENAW
My Commission Expires August 2, 2028
Acting in the County of _Washtenaw_

*This information is requested if Oath of Office is taken before someone other than a notary public.

**When filing with the Secretary of State, original signatures are required.

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459 | dryan616@icloud.com**

Oaths of Office for Defendants Conlin, Slay, Simpson, Savit, and Londy

# OATH OF OFFICE

**STATE OF MICHIGAN**

County of Washtenaw

*I do solemnly swear that I will support the Constitution of the United States and the Constitution of this State, and that I will faithfully discharge the duties of the office of*

Judge of the 14A Judicial District Court

*according to the best of my ability.*

Signature*

J. Cedric Simpson

Name – Printed or Typed

Sworn to and subscribed before me this 3rd day of December, 2024

Signature of Officer Administering Oath or Notary Public**

Judge Arianne E. Slay, 22nd Judicial Circuit Court

Title*

Name of Notary: James M. Gallagher
County: Washtenaw
Commission: Michigan
Expires: 7-10-25

*This information is requested if Oath of Office is taken before someone other than a notary public.

**When filing with the Secretary of State, original signatures are required.

All Rights Reserved Without Prejudice
Submitted By: **Daniel Ryan McGough C/O PO Box 970081 Ypsilanti MI [48197]**
**313-348-0459** | dryan616@icloud.com