FILED
AUG 08 2025
CLERK'S OFFICE
DETROIT

Daniel Ryan McGough
Plaintiff
v
Washtenaw County, et al.,
Defendants

Case No.: 25
Honorable Mark A Goldsmith
Mag. Judge David R Grand

---

Preliminary Injunction in the 22nd Circuit Court Case No.: 25-75

---

A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until further proceedings on the merits can be held.

In determining whether to grant this request, the court must consider the following factors:

(1) whether movant has strong likelyhood of success.
(2) whether movant will suffer irreparable harm without injunction.
(3) whether the issuance will cause harm to others.
(4) whether public interest is served by the issuance.

In the underlying state case out of 22nd Circuit Court Case No.: 25-75, all four factors are undoubtedly met, in favor of the movant.

## Analysis

(1) Movant has a strong likillyood of success.

Let us rewind through the various DUE PROCESS violations like the abuse of discretion, process, and the suppression of Brady material by the prosecutor, AND

1/5

the trial Court. Let us too forget that the officers that originally reported they witnessed Plaintiff assault Officer Tyson to later testify that no such action occurred, and let's assume that the officer's original and indecisive comment of plaintiff kicking him was, moments later, admitted to be a joke. The arrest that took place on October 11, 2024 was a clear violation of Plaintiff's FOURTH Amendment, without Reasonable Suspicion or the Probable Cause requirements to justify such actions, in violation of Terry v OHIO.

"It is quite plain that the Fourth Amendment governs 'seizures' of a person which do not eventuate a trip to the station house and prosecution for crime — 'arrests' in traditional terminology" —Terry v Ohio, 392 U.S. 1, 88 Supreme Court 1868, 20 L.Ed.2d 889

Even further, on February 11, 2025, All three officers took stand at the 14A1 District Court and testified to fact that they never assumed any criminal activity was afoot by either Plaintiff or his friend, which is the only basis to conduct a Terry stop and the required third element for which Plaintiff is facing charges under. Plaintiff was originally only charged with 1 MCL 750.81(d)1- Resisting and Obstructing a Police Officer, But after these testimonies were given, Defendant Simpson abused his discretion and added 2 more counts of the same charge.

Under this MCL 750.81d(1) Statute, in People v Morano and People v Quinn, the court declared that the Prosecution must establish "that the officers acted lawfully as an actual element of the resisting

and obstructing" and for an arrest to be deemed lawful, the prosecution must demonstrate the arresting officer "had probable cause that a felony or misdemeanor was committed by the individual to bind them over for trial." Moreno, 491 Mich at 51-52. The right to be free from unreasonable searches and seizures is guaranteed by both the United States and Michigan Constitutions.

Furthermore, any assault claim against Plaintiff was fabricated Post-Hoc

(2) Whether movant will suffer irreparable damages without injunction.

Surprisingly, this factor is more clear-cut than the first. Plaintiff has lost everything he has because of this arrest. Including his first-born son, employment, housing, his partner of 4 years, his 10-year-old Dog, friends, family, his psychological well-being, Life, liberty, and the ability to pursue happiness. Plaintiff has faced and is facing future retaliatory actions by state agents in unrelated legal matters and is currently incarcerated in the Washtenaw County Jail where he is held on this matter without the option of Bond and in unrelated other matters with excessive bonds and compounding felony charges added post-Hoc by the same prosecution that denied him his opportunity for a fair trial on this matter. Defendant Simpson's popular Tik-Tok and YouTube channel's have single-handedly been used to mock, harass, and defame Plaintiff in critical moments where ~~Defendant~~ Plaintiff has fought for his life while the opposing parties only seek more "views" and an expanding audience at plaintiffs expense. Plaintiff has been incarcerated since July 3 2025, awaiting an extremely delayed trial set by Defendant Slay

in December of 2025. Granting Injunction starts restoring all harm done.

(3) Whether the issuance will cause harm to others.

Under the highest scrutiny with the greatest imaginations, staying these state matters and releasing Plaintiff from the custody of Washtenaw County would cause no harm or risk to anyone.

(4) Whether public interest is best served by the issuance.

Being that Plaintiff's state trial is scheduled in December 2025, and he is held without Bond on matters that are unambiguous and patently flawed, There is no risk to the public Interest being that "the presumption of innocence is a "specific right" afforded to the accused under the U.S. Constitution" see Dixden 477 U.S. Plaintiff is in a presentencing stage of custody and confinement making and declaring this injunction of release of confinement a decision that is undoubted to the accused in any matter, as "the presumption of innocence is an axiomatic and elementary law and its enforcement lies at the foundation of the administration of our criminal law" -Coffin v U.S. 81 years after the Coffin Court, In Estelle v Williams, the supreme Court elaborated on the constitutional underpinning of the presumption of innocence saying it was an element of the right to a fair trial gaurenteed under the due process clause of the Fourteenth Amendment and a "basic component". "The due process clause of the Fourteenth amendment must be held to a safeguard against dilution of the pansiple that guilt is to be established by provative evidence

4/5

beyond a reasonable doubt"

## Prayer for Relief

- Grant this Injunction to stop the cruel and unusual Punishment Plaintiff has endured since ~~they~~ the Defendants ex-Parte suspended his rights to his child on Nov 20, 2024
- Grant the Habeus Corpus for all cases under Washtenaw County under the Fourteenth Amendment Due Process Presumption of Innocence, as well as all the Federal Questions raised in every case that stemmed from wrongful arrest
- Grant the removal of these State cases in Washtenaw County as every one stemmed from Federal Questions Arresting Plaintiff without Probable Cause
- Appoint a Counsel for Plaintiff as these matters need more effective representation esp while in custody
- Appoint a Special Master to oversee all Washtenaw County Matters related to Plaintiff being a Defendant
- Any other Relief this Honorable Court finds Just and Proper

Under Penalty of Perjury I sign to the truth of all statements made,    *[signature]*
Daniel Ryan McGough  Inmate 148631
2201 Hogback Rd
Ann Arbor MI 48105

August 2, 2025

5/5

Daniel McGough
Inmate 148631
3201 Hogback Rd
Ann Arbor, MI 48105

RECEIVED
AUG 08 2025
CLERK'S OFFICE
DETROIT

METROPLEX MI 480
5 AUG 2025 PM 9

United States District Court
231 W Lafayette Blvd
Room #599
Detroit, MI 48226