# IN THE UNITED STATES DISTRICT OFR

# FOR THE EASTERN DISTRICT OF MICHIGAN

Daniel Ryan McGough,

      Plaintiff

                        Case No: 2-25-cv-11226-MAG-DRG

-v-

                        Honorable Mark A. Goldsmith

                        Magistrate Judge David R. Grand

Washtenaw County, a Michigan

Corporation, *et el.*,

      Defendants

_____

## DEFENDANTS ALYSSA McCLOSKEY AND SCOTT McCLOSKEY'S

## MOTION AND BRIEF TO DISMISS CASE FOR FAILURE TO STATE

## A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT

## TO F.R.C.P. 12(b)(6)

NOW COMES Defendants Alyssa McCloskey and Scott McCloskey, by and through their attorney, Jeffrey G. Bennett, and state the following in support of this motion:

1.  The Plaintiff filed his complaint in this case on July 2, 2025.

2. The Plaintiff previously filed a civil complaint against these defendants as case 5:24-cv-13350-JEL-DRG which was dismissed prior to service upon the Court's own initiative.

3. The Plaintiff also filed another complaint 5-24-cv-13352-MAG-DRG alleging primarily the same legal theories on nearly the same facts as this case which has been recommended for dismissal as a result of some Defendant's motions to dismiss.

4. Movant did not seek concurrence due to the fact that the Plaintiff is an incarcerated prisoner (in the Washtenaw County Jail) and is proceed pro se.

5. For the reasons stated in the attached brief, the Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

Respectfully submitted,

*/s/ Jeffrey G. Bennett*
*Attorney for Defendants*
*Alyssa McCloskey and Scott*
*McCloskey*
878 S. Grove Rd., Ste. UL
Ypsilanti, MI 48198
jeff@jeffbennettlaw.com

Dated: August 20, 2025

**IN THE UNITED STATES DISTRICT OFR**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

Daniel Ryan McGough,

      Plaintiff

                          Case No: 2-25-cv-11226-MAG-DRG

-v-

                          Honorable Mark A. Goldsmith

                          Magistrate Judge David R. Grand

Washtenaw County, a Michigan

Corporation, *et el.*,

      Defendants

_____

**BRIEF IN SUPPORT OF**

**DEFENDANTS ALYSSA McCLOSKEY AND SCOTT McCLOSKEY'S**

**MOTION TO DISMISS CASE FOR FAILURE TO STATE**

**A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT**

**TO F.R.C.P. 12(b)(6)**

**Issues Presented**

1.  **Whether Counts 1,2,3,6 and 7 should be dismissed because they do not**

           **relate to the McCloskeys.**

Movant's Answer: Yes

**2.  Whether the claims made pursuant to 42 U.S.C. §1983 (all counts) should be dismissed because the McCloskeys are not state actors.**

Movant's Answer: Yes

3.

**4.  Whether the 42 U.S.C. §1985 claim (count 10) and the 42 U.S.C. §1983 claims (all counts) should be dismissed because Plaintiff failed to properly plead a conspiracy.**

Movant's Answer: Yes

## Controlling/Relevant Authority

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)

*Ashcroft v Iqubal,* 556 U.S. 662 (2009).

*Flanory v. Bonn,* 604 F.3d 249 (6th Cir. 2010)

*West v. Atkins*, 487 U.S. 42 (1988)

*Flanory v. Bonn,* 604 F.3d 249 (6th Cir. 2010)

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)

*Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)

*Adickes v. S. H. Kress & Co.,* 398 U.S. 144 (1970)

*Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961)

*Wolotsky v Huhn, 960 F2d 1331 (6th Cir. 1992)*

*Blum v.Yaretsky, 457 U.S. 991 (1982)*

*Bier v. Fleming, 717 F.2d 308, 311 (6thCir. 1983)*, cert. denied, *465 U.S. 1026, 79 L. Ed. 2d 686, 104 S. Ct. 1283 (1984)*

*Mitchell v. Cole*, 176 Mich. App. 200 (1989)

*Pahssen v. Merrill Cmty. Sch. Dist*, 668 F.3d 356, 368 (6th Cir. 2012)

*Spadafor v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)

*Pahssen v. Merrill Cmty. Sch. Dist*, 668 F.3d 356, 368 (6th Cir. 2012)

42 U.S.C. §1983

42 U.S.C. §1985

F.R.C.P. 12(b)(6)

## Introduction

This is Plaintiff's second complaint he has filed against Alyssa and Scott McCloskey (McCloskys) regarding essentially the same facts.[1]  The current case makes additional factual allegations relating to his arrest by officers of the Ypsilanti Police Department for Resisting and Obstructing a Police Officer.  The policer officers, the District Court Judge, the elected Washtenaw County Prosecutor, and assistant prosecutor, the 14A-1 Administrator and others.  Plaintiff makes additional allegations against the McCloskeys which occurred after the dismissal of the prior case.

The manner in which his case is presented is difficult to discern; making legal arguments in his factual allegations as well as separate counts.  These counts appear to be directed at all Defendants.  The Federal Counts are brought under 11 U.S.C. §1883.  These counts are:

1. Unlawful Arrest and Warrantless Seizure (Fourth Amendment)

2. False Imprisonment and Fabrication of Charges (Fourth Amendment)

3. Excessive Force and Criminalization of Lawful Resistance (Fourth Amendment)

---

[1] The prior case is 5:24-cv-13350-JEL-DRG

4. Malicious Prosecution and Retaliatory Legal Process (Fourth and Fourteenth Amendment)

5. Suppression of Exculpatory Evidence/Brady Violations (Fourteenth Amendment)

6. Judicial Overreach and Separation of Powers Violation (Fourteenth Amendment)

7. Federal Due Process Violations – Criminal Proceedings (Fourteenth Amendment)

8. Procedural and Substantive Due Process Violations – Family Court (Fourteenth Amendment)

9. First Amendment Retaliation and Interference with Protected Activity

10. Conspiracy to Violate Civil Rights – Public and Private Actors (42 U.S.C. §1983 and §1985)

11. Suppression of Parent-Child Association (First and Fourteenth Amendment)

12. Supervisory and Legal Advocate Liability – Bennett & Kirkland

13. Municipal Liability Under *Monell* (Wayne County and Agencies)

Unlike his prior Complaints, this Complaint has no discernable State Court causes of action.

This motion is brought pursuant to F.R.C.P. 12 which provides a means for dismissal is the complaint for failure to state a claim upon which relief can be

granted.  F.R.C.P. 12(b)(6).  For the reasons stated below, the case should be dismissed as to Alyssa McCloskey and Scott McCloskey.

## Standard of Review

To state a claim upon which relief can be granted, a Complaint must allege sufficient facts that, when assumed to be true, "raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544-555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formalistic recitation of the elements of the cause of action will not do." *Ashcroft v Iqubal,* 556 U.S. 662, 686 (2009).

## Argument

## <u>Counts 1, 2, 3, 6 and 7 must be dismissed because there is no factual allegation that the McCloskey Defendants participated in the criminal case</u>

Counts 1, 2, 3, 6, and 7 relate to the Plaintiff's claims against persons other than the McCloskey Defendants.

The alleged basis of Count 1 is that "Plaintiff was arrested without a warrant, probable cause, exigent circumstances, or reasonable suspicion of the Fourth Amendment's protections against unreasonable searches and seizures." ECF page 22.  He states that paragraphs 31 through 34 and 39-41 support this count.

These paragraphs mention the actions of Officers Tyson, Gibbs and Smith.  The entirety of the factual allegations concern Plaintiff arrest.

Count 2 alleges: "Officers unlawfully detained Plaintiff and fabricated charges or resisting and obstructing (R & O) to justify the arrest retroactively.  ECF page 22.  Paragraphs 35-40 and 52-55 support this count.  Again, no factual allegation are made that the McCloskeys were involved in this count.  Paragraphs 64 through 67 are the supporting factual allegations.

Count 3 alleges: "Excessive Force and Criminalization of Lawful Resistance (Fourth Amendment)."  The basis for this claim is that "Officers escalated force during an arrest, criminalizing Plaintiff's constitutionally protected rights to resist an illegal seizure." ECF page 22.  Paragraphs 41-43 support this count.  These paragraphs make assertions related to Mr. McGough's arrest and his right to resist and unlawful arrest.  The McCloskeys are not named in these paragraphs.

Count 6 alleges: "Judicial Overreach and Separation of Powers Violation (Fourteenth Amendment).  ECF pages 22,2. The basis for this claim is that "Judicial officers added criminal charges sua sponte (sic) without notice or motion, violating procedural due process and the separation of powers.  Paragraphs 64-67 allegedly support this count.  These allegations relate solely to the actions of the Honorable J. Cedric Simpson.  The McCloskeys are not mentioned.

Count 7 alleges: "Procedural Due Process Violations – Criminal Proceedings (Fourteenth Amendment)."  ECF page 23.  Paragraphs 71,72 and 88 through 90 alleged support this count.  Paragraphs 71 and 72 relate solely to the actions of the Honorable J. Cedric Simpson.  Paragraphs 88 through 90 make allegations against the Honorable Arianne E. Slay.  No allegations were made that the McCloskeys were involved in this count.

## The 42 U.S.C. § 1983 claims must be dismissed because Defendants are not state actors

All counts, except count 10 are brought exclusively pursuant to 11 U.S.C. §1983.  Count 10 adds an additional claim pursuant to 42 U.S.C. § 1985.

42 U.S.C. §1983 provides:

> "Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the District
> of Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress,
> except that in any action brought against a judicial officer for an act
> or omission taken in such officer's judicial capacity, injunctive

relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

To bring a claim pursuant to 43 U.S.C. §1983, the Plaintiff must allege facts supporting the following elements.

(1) Deprivation of a right secured by the Constitution or a law of the United States;

(2) That the deprivation was caused by a person acting "under color of law."

*Flanory v. Bonn,* 604 F.3d 249, 253 (6th Circuit. 2010).

The McCloskeys are private individuals.  Private  individuals can be considered state actors for §1983 purposes. "The principal inquiry in determining whether a private party's actions constitute "state action" under the fourteenth amendment is whether the party's actions may be "fairly attributable to the state." See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under section 1983. These tests are: (1) the public function test, *West v. Atkins*, 487 U.S. 42, 49-50,

(1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978); (2) the state compulsion

test, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 170 (1970),); and (3) the

symbiotic relationship or nexus test, *Burton v. Wilmington Parking Auth.*, 365 U.S.

715, 721-26 (1961)." *Wolotsky v. Huhn*, 960 F.2d 1331, 1334 (1982).

The public function test inquires whether the conduct of the individual can

be attributed to the State. *West v. Atkins*, 487 U.S. 42 (1988).  In *West*, a doctor

contracted by a State correctional facility was held to be a State actor for §1983

purposes.  In this case, the Plaintiff makes no allegations that the actions of the

McCloskeys could lead to a conclusion that they were attributably to the State.

"The public function test requires that the private entity exercise powers which are

traditionally exclusively reserved to the state." *Wolotsky* at 1339.  The McCloskeys

performed no State functions, Alyssa McCloskey merely sought relief in a court of

law.

"The state compulsion test requires that a state exercise such coercive power

or provide such significant encouragement, either overt or covert, that in law the

choice of the private actor is deemed to be that of the State. See *Blum v.Yaretsky,*

*457 U.S. 991, 1004, (1982)*; *Bier v. Fleming, 717 F.2d 308, 311 (6thCir. 1983)*, cert.

denied, *465 U.S. 1026, (1984)*. More than mere approval or acquiescence in the

initiatives of the private party is necessary to hold the state responsible for those

initiatives.

*Blum, 457 U.S. at 1004*."  There are no facts alleged which could plausibly lead to a conclusion that the McCloskeys were state actors under the compulsion test. There is no allegation that any state agency did anything to threaten, provide encouragement of any sort.  The McCloskeys actions were the result of conduct of the Plaintiff; not anything that the Court, Court Administration, or any other state agency.

The symbiotic test leads to the same result.  For the private party to be a state actor under this test, there must be a sufficiently close nexus between the state and the private actor that the that the private actors conduct is attributable to the state.  See *Wolotsky* at 1335 (citations omitted).  The symbiotic relationship generally results when the private actor is subject to governmental regulations. Such is not the case here.

**<ins>The 42 U.S.C. §§ 1983 and 1985 claims must be dismissed because</ins>**
**<ins>The Plaintiff fails to properly allege a conspiracy (counts 1 through 13)</ins>**

42 U.S.C. §1985 provides:

"(1) **Preventing officer from performing duties.**  If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the

United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) **Obstructing justice; intimidating party, witness, or juror.**  If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for

the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) **Depriving persons of rights or privileges.**  If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the

United States; or to injure any citizen in person or property on

account of such support or advocacy; in any case of conspiracy

set forth in this section, if one or more persons engaged therein

do, or cause to be done, any act in furtherance of the object of

such conspiracy, whereby another is injured in his person or

property, or deprived of having and exercising any right or

privilege of a citizen of the United States, the party so injured

or deprived may have an action for the recovery of damages

occasioned by such injury or deprivation, against any one or

more of the conspirators."

Count 10, the only count requesting relief under 42 U.S.C. §1985 alleges

that the McCloskeys conspired to "deprive him of his constitutional rights through

a coordinated action, shared objectives, and retaliatory abuse of judicial process."

Plaintiff's allegations are vague and conclusory.  The allegations do not contain

any facts or details of the alleged conspiracy.

To establish a §1985(1) claim, a plaintiff must prove the following elements:

(1) a conspiracy; (2) intent to prevent an officer from performing duties or

inducing an officer to leave their duties; and (3) injury to person or property.  No

facts are alleged which could be construed to assert a claim pursuant to (1).

To establish a §9185(2) related to state courts require: (1) a conspiracy, (2) intent to imped, hinder, obstruct, or defeat the due course of justice, (3) a specific intent to deny any citizen of equal protection of the laws or to injure them for enforcing or attempting to enforce equal protection rights, and (4) an overt act in furtherance of the conspiracy.

To establish a §1985(3)  claim, a plaintiff must prove the following elements: (1) the existence of a conspiracy; (2) an intent to deprive the plaintiff of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) a resulting injury or deprivation of a federally protected right; and (5) the presence of racial or other class-based invidiously discriminatory animus behind the conspirators' actions. See *Mitchell v. Cole*, 176 Mich. App. 200, 210 (1989)(citations omitted).

 All three sections of §1985 as well as §1983 require a conspiracy.  Plaintiff alleges that the Defendants conspired against him.  The complaint does not provide any facts or details of a conspiracy.  "[I]t is well-settled that conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." *Spadafor v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  This requirement has been discussed with approval to a §1985 case. See *Pahssen v. Merrill Cmty. Sch. Dist*, 668 F.3d

356, 368 (6th Cir. 2012).  Without a properly pled conspiracy, Plaintiff's §1983 and

§1985 claims fail.

### Conclusion and Request for Relief

This third case represents Mr. McGough's latest effort to harass the

McCloskeys by filing litigation in federal court.  He previously filed a case

dismissed prior to obtaining a summons. Many of the counts in this Complaint

relate to others and not the McCloskeys (Counts 1, 2 ,3, 6, and 7 relate primarily to

Mr. McGough's alleged criminal actions.  They had nothing to do with the

McCloskeys.  The §1983 counts (1 through 12) fail because the McCloskeys are

not state actors.  Count 10 makes an additional theory under §1985 which does not

require a state actor.  This theory fails (along with the §1983 claims) fails because

the Plaintiff failed to properly plead a conspiracy. F.R.C.P. 12(b)(6) permits a court

to dismiss a complaint when it fails to state a claim upon which relief can be

granted.  For the foregoing reasons, the McCloskeys request that this Court dismiss

this complaint against Alyssa McCloskey and Scott McCloskey in its entirety.

Respectfully submitted,

*/s/ Jeffrey G. Bennett*
*Attorney for Defendants*
*Alyssa McCloskey and Scott*
*McCloskey*
878 S. Grove Rd., Ste. UL
Ypsilanti, MI 48198

jeff@jeffbennettlaw.com

Dated: August 20, 2025