## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Daniel Ryan McGough,

      Plaintiff,

                             Case No.: 2:25-cv-11226-MAG-DRG

v.

                             Honorable Mark A. Goldsmith

WASHTENAW COUNTY,           Magistrate Judge David R. Grand
a Michigan municipal corporation, et al.

      Defendants.

---

### DEFENDANTS CITY OF YPSILANTI
### AND OFFICER DARNELL TYSON'S
### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES** Defendants **CITY OF YPSILANTI** and **OFFICER DARNELL TYSON**, by and through their attorneys, **KERR, RUSSELL and WEBER, PLC**, in answer to Plaintiff's Amended Complaint (ECF No.12), states as follows:

### Introduction

1.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

2.    Defendants admit that Plaintiff was arrested on October 11, 2024. The remainder of the allegations alleged in this paragraph are denied as untrue.

3.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

## Acknowledgment of Litigant's Efforts and Good Faith

4.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

5.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

6.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

## II. Jurisdiction and Venue

7.     Defendants admit that this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and §1334 for claims arising under 42 U.S.C. §1983, but Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims. With respect to the remaining allegations contained in this paragraph, Defendants neither admit nor deny the same leaving Plaintiff to his proofs at trial.

8.      Defendants admit that this Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367, but Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the state of Michigan.

9.      Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

10.      Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

11.      Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

12.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

13.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

## III. Parties

14.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

15.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

16.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

17.     Defendants admit that the City of Ypsilanti is a municipal corporation existing under the laws of the state of Michigan. The remaining allegations are denied in the form, manner pled, and in fact as untrue and failed to accurately address the legal obligations of a municipality under the laws of the State of Michigan or any federal statute.

18.     It is admitted that Officer Darnell Tyson is a police officer for the City of Ypsilanti Police Department and that he was acting in the course of his employment. The remaining allegations alleged in this paragraph are denied in the form, manner pled, and in fact as untrue.

19.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

20.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

21.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

22.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

23.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

24.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

25.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

26.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

27.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

28.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

29.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

30.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

31.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

## IV. Factual Background

### A. Unlawful Arrest and Fabricated Charges

31. [sic]     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

32.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

33.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

34.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

35.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

36.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

37.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

38.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

39.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

40.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

41.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

42.    Defendants neither admit nor deny allegations contained in this paragraph as the case law speaks for itself. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

43.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

44.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

45.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

46.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

47.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

48.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

49.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

50.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

51.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

52.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

53.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

54.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

55.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

<u>B. February 11, 2025 – Evidentiary Hearing</u>

**<u>Compounding Charges, Suppression of Evidence & Retaliation</u>**

56.    Defendants neither admit nor deny allegations contained in this paragraph as the case law speaks for itself. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

57.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

58.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

59.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

60.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

61.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

62.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

63.     Defendants neither admit nor deny allegations contained in this paragraph as the case law speaks for itself. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

64.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

65.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

66.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

67.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

68.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

69.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

## C. Lawful Presentments, Exhaustion of Remedies, and Institutional Failure to Respond

70.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial. Defendants further deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

71.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

72.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

73.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

74.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

75.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

76.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

77.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

78.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

79.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

80.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

81.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

82.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

83.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

84.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

85.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

86.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

87.   The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

88.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

89.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

90.    The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

## D. Collateral Impact on Parental Rights and Judicial Abuse in Family Court

91.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

92.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

93.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

94.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

95.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

96.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

97.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

98.    Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

99.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

100.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

101.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

102.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

103.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

104.   The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

105.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

106.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

107.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

108.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

109.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

110.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

111.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

112.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent the allegations are alleged against the City of Ypsilanti and/or Officer Darnell Tyson, Defendants further deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

113.   Defendants neither admit nor deny allegations contained in this paragraph as the case law speaks for itself. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

## **Rule 15 Addition: Allegations against Defendants Bennett and Kirkland**

114.   Defendants neither admit nor deny allegations contained in this paragraph because it is not directed toward these Defendants. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

115.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

116.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

117.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

118.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

119.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

120.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

121.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief as to the truth of the allegations and Plaintiff is left to his proofs at trial.

122.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

123.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

124.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants.

125.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

126.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

127.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

128.   Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent a response is required, Defendants deny any violations of rights, privileges, or immunities secured by the Constitution or laws of the United States or other state or federal claims.

### **IV Federal Claims (42 U.S.C. 1983)**

1.   The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

2.   The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

3.   The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

4.   The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

5.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

6.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

7.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

8.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

9.      The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

10.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

11.     The allegations contained in this paragraph are denied in the form, in the manner pled, and in fact as untrue.

12.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent the allegations are directed toward the City of Ypsilanti and/or Officer Darnell Tyson, Defendants deny the allegations in the form, in the manner pled, and in fact as untrue.

13.     Defendants neither admit nor deny the same for lack of information sufficient to form a belief because it is not directed toward these Defendants. To the extent the allegations are directed toward the City of Ypsilanti, Defendants deny the allegations in the form, in the manner pled, and in fact as untrue.

## **VI. Relief Requested**

**WHEREFORE,** Defendants **CITY OF YPSILANTI** and **OFFICER DARNELL TYSON**, request this Honorable Court to enter a judgment of no cause for action together with an award of costs and attorneys' fees wrongfully incurred in defending this action.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**


BY: /s/ *Richard V Stokan, Jr.*
          Richard V. Stokan, Jr. (P61997)
          Attorneys for Defendants City of Ypsilanti
          and Officer Darnell Tyson
          500 Woodward Avenue, Suite 2500
          Detroit, MI 48226-3427
          T: 313-961-0200; F: (313) 961-0388
          rstokan@kerr-russell.com

Dated: August 26, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Daniel Ryan McGough,

    Plaintiff,

                           Case No.: 2:25-cv-11226-MAG-DRG

v.

                           Honorable Mark A. Goldsmith

WASHTENAW COUNTY,          Magistrate Judge David R. Grand
a Michigan municipal corporation, et al.

    Defendants.

---

## DEFENDANTS CITY OF YPSILANTI AND OFFICER DARNELL TYSON'S AFFIRMATIVE DEFENSES

Defendants **CITY OF YPSILANTI** and **OFFICER DARNELL TYSON**, by and through their attorneys, **KERR, RUSSELL and WEBER, PLC**, and for their Affirmative Defenses, states as follows:

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and Defendants City of Ypsilanti and Officer Darnell Tyson are entitled to judgment as a matter of law.

2.     Defendant Officer Darnell Tyson was at all relevant times performing discretionary functions and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known entitling him to qualified immunity from Plaintiffs' claims.

3.     The amount of force used by Officer Darnell Tyson was reasonable under the circumstances because Plaintiff was resisting and obstructing a lawful arrest.

4.     Plaintiff has failed to establish a claim for municipal liability under 42 U.S.C. §1983 against the City of Ypsilanti because he has not alleged that his rights were violated by a city policy, custom or procedure.

5.     Plaintiff has failed to establish a claim for municipal liability under 42 U.S.C. §1983 against the City of Ypsilanti because he has not established deliberate indifference or failure to train officers regarding the claims asserted against Officer Darnell Tyson.

6.     To the extent that Plaintiff's Complaint attempts to assert tort claims under state law, Defendant Officer Darnell Tyson is entitled to immunity from liability pursuant to the Governmental Tort Liability Act, M.C.L. § 691.1401, *et seq*. Officer Tyson was all times an employee of a government agency engaged in the exercise and discharge of a governmental function.

7.     To the extent that Plaintiffs' Complaint attempts to assert tort claims under state law, Defendant City of Ypsilanti is entitled to immunity from liability pursuant to the Governmental Tort Liability Act, M.C.L. § 691.1401, *et seq*. The City of  Ypsilanti is a governmental agency and is immune from liability as it was engaged in the exercise or discharge of a governmental function.

8.    Plaintiff was engaged in illegal activity and obstruction and resisting police officers during an investigation which justified his detention and arrest. Accordingly, Plaintiff's actions were the sole and direct proximate cause of his alleged injuries and/or damages.

9.    Plaintiff's Complaint fails to plead facts in avoidance of governmental immunity.

10.    The cause of Plaintiff's alleged injuries and or damages is the result of the conduct of someone other than these Defendants.

11.    Plaintiff cannot state a claim for punitive damages against the City of Ypsilanti 42 U.S.C. §1983.

12.    Plaintiff cannot state a claim for excessive force under the Fourth Amendment because the force used was objectively reasonable under the circumstances. *Graham v. Connor,* 390 U.S. 386 (1989).

13.    Plaintiff has failed to state a claim for false arrest or false imprisonment, or malicious prosecution because he committed illegal acts in the presence of police officers and was appropriately arrested, taken into custody, and charged.

14.    The conduct of Officer Darnell Tyson did not amount to gross negligence as Plaintiff has not shown "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results", thereby entitling this Defendant to immunity pursuant to M.C.L. § 691.1407(7)(a).

15.     No act or failure on the part of these Defendants violated any constitutional rights of the Plaintiff.

16.     At all times material hereto, Plaintiff was afforded all of the rights and privileges granted pursuant to the Constitution and laws of the United States.

17.     At no time material hereto did Defendants act in bad faith or in a willful, wanton, outrageous, reckless, or malicious manner or with a disregard for Plaintiff's health, safety and welfare.

18.     Plaintiff's claim for punitive damages is limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States.

19.     Plaintiff has failed to identify any pattern, practice or procedure of the City of Ypsilanti which was the moving force of any violation of the Plaintiff's constitutional rights.

20.     To the extent Plaintiff has failed to mitigate their damages, or caused or increased damages, his claims may be barred in whole or in part.

21.     Plaintiff has failed to plead a valid deliberate indifference claim pursuant to the Fourteenth Amendment of the United States Constitution, for the reason that the City of Ypsilanti had sufficient policies and procedures in place ensuring the City was not deliberately indifferent towards Plaintiff's constitutional rights.

22.    Plaintiff's § 1983 claims for substantive due process violations under the 14th Amendment must be dismissed. *Albright v Oliver*, 510 US 266, 271 (1994).

23.    Plaintiff has failed to state a valid claim for a violation of the First Amendment against these Defendants.

24.    Plaintiff's claims are barred by the wrongful conduct doctrine.

25.    Probable cause to arrest and seize Plaintiff existed.

26.    Defendants incorporate by reference and reassert any and all Affirmative Defenses raised by Co-Defendants.

27.    Defendants reserve their right to file additional Affirmative Defenses as they may become known during the course of discovery.

Respectfully submitted,

**KERR, RUSSELL AND WEBER, PLC**

BY: /s/ *Richard V Stokan, Jr.*
    Richard V. Stokan, Jr. (P61997)
    Attorneys for Defendants City of Ypsilanti
    and Officer Darnell Tyson
    500 Woodward Avenue, Suite 2500
    Detroit, MI 48226-3427
    T: 313-961-0200; F: (313) 961-0388
    rstokan@kerr-russell.com

Dated: August 26, 2025

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Daniel Ryan McGough,

     Plaintiff,

                             Case No.: 2:25-cv-11226-MAG-DRG

v.

                             Honorable Mark A. Goldsmith

WASHTENAW COUNTY,          Magistrate Judge David R. Grand
a Michigan municipal corporation, et al.

     Defendants.

---

## <u>RELIANCE ON PLAINTIFFS' DEMAND FOR JURY TRIAL</u>

Defendants **CITY OF YPSILANTI** and **OFFICER DARNELL TYSON**,

by and through their attorneys, **KERR, RUSSELL and WEBER, PLC**, hereby rely

upon Plaintiff's demand for trial by jury.

                    Respectfully submitted,

                    **KERR, RUSSELL AND WEBER, PLC**

                    BY: /s/ *Richard V Stokan, Jr.*
                           Richard V. Stokan, Jr. (P61997)
                           Attorneys for Defendants City of Ypsilanti
                           and Officer Darnell Tyson
                           500 Woodward Avenue, Suite 2500
                           Detroit, MI 48226-3427
                           T: 313-961-0200; F: (313) 961-0388
                           rstokan@kerr-russell.com

Dated: August 26, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 26, 2025 I electronically filed the foregoing DEFENDANTS' CITY OF YPSILANTI AND OFFICER DARNELL TYSON ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, RELIANCE ON JURY DEMAND AND CERTIFICATE OF SERVICE with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

> Daniel R. McGough
> Washtenaw County Jail, Inmate 148631
> 2201 Hogback Road
> Ann Arbor, MI 48015

> /s/ _Richard V Stokan, Jr._
> Richard V. Stokan, Jr. (P61997)
> 500 Woodward Avenue, Suite 2500
> Detroit, MI 48226-3427
> T: 313-961-0200; F: (313) 961-0388
> rstokan@kerr-russell.com